OPINION
{¶ 1} Demetrias K. Green is appealing from the overruling of his "Motion to Void Judgment." He assigns a single error for our review:
 THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS GUARANTEED BY ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, FIFTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN THE STATE CONVICTED AND SENTENCED HIM VIA AN INDICTMENT THAT OMITTED AN ESSENTIAL MENS REA ELEMENT AND THE COURT ABUSED IT'S DISCRETION WHEN IT DENEID THE APPELLANT'S MOTION TO VOID JUDGMENT WHICH SEEKED TO CORRECT THE ERROR. *Page 2 
 {¶ 2} Green was indicted in 2003 and charged with aggravated burglary, aggravated robbery, robbery and kidnapping with associated gun specifications. He entered into a plea bargain and pled guilty to aggravated robbery with a one-year gun specification.
 {¶ 3} In 2008, Green filed a motion seeking to undo his plea bargain based upon his understanding of State v. Colon, 118 Ohio St.3d 26,2008-Ohio-1624 ("Colon I"). Subsequently, the Supreme Court of Ohio clarified Colon I and limited the impact of the Colon case to cases then pending in the trial courts or on direct appeal. See State v.Colon, 119 Ohio St.3d 204, 2008-Ohio-3749 ("Colon II").
 {¶ 4} The trial court correctly overruled Green's motion to void his judgment and plea agreement for a number of reasons. Civ. R. 60(B) is not the appropriate vehicle for challenging criminal convictions. Civ. R. 60(B) motions are to be treated as petitions for post-conviction relief and, as such, are subject to strict time limitations for filing. SeeState v. Schlee, 117 Ohio St.3d 153, 2008-Ohio-545. Green did not file his motion/petition in time.
 {¶ 5} Also Colon II makes it clear that Colon I does not benefit Green because Colon I applies only to cases then pending in a trial court or on appeal.
 {¶ 6} The sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
FRENCH, P.J., and BRYANT, J., concur. *Page 1