[Cite as *State v. Blacker*, 2011-Ohio-570.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 10 CA 30 |
| NATHANIAL BLACKER | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No.  04 CR 178 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 7, 2011 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| DANIEL G. PADDEN<br>PROSECUTING ATTORNEY<br>139 West 8th Street<br>Post Office Box 640<br>Cambridge, Ohio  43725 | NATHANIAL COLIN BLACKER<br>PRO SE<br>ROSS CORRECTIONAL INST.<br>Post Office Box 7010<br>Chillicothe, Ohio  45601 |

*Wise, J.*

{¶1} Appellant Nathanial Blacker appeals the decision of the Court of Common Pleas, Guernsey County, denying several pro se postconviction motions. The relevant facts leading to this appeal are as follows.

{¶2} On December 12, 2004, appellant was indicted by the Guernsey County Grand Jury on two counts of Aggravated Robbery. Count One of the indictment concerned the robbery of the Secrest Carryout Store. Count Two of the indictment concerned the robbery of Plus One Pizza.

{¶3} On February 9, 2005, appellant filed a Suggestion of Incompetence. On August 9, 2005, the court found appellant competent to stand trial, and the matter proceeded to a jury trial.

{¶4} On August 25, 2005, the jury returned a verdict of guilty as to Count One and a verdict of not guilty as to Count Two. On September 19, 2005 appellant was ordered to serve a stated term of seven years in prison.

{¶5} On October 19, 2005, appellant filed a notice of appeal concerning his conviction and sentence. On October 2, 2006, this Court rejected appellant's challenges to his conviction, but reversed his sentence and remanded it to the trial court for a new sentencing hearing consistent with the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1.

{¶6} On December 26, 2006, the trial court re-sentenced appellant, pursuant to the aforesaid appellate decision. At the re-sentencing hearing, appellant was again sentenced to a seven-year prison term, and ordered to pay restitution in the amount of

eighty dollars. The trial court further stated that appellant would be subject to post-release control for a mandatory period of five years.

{¶7} Appellant again appealed, arguing that Ohio's post-*Foster* sentencing scheme was unconstitutional. We rejected appellant's arguments and affirmed his re-sentencing. See *State v. Blacker*, Guernsey App.No. 2007-CA-3, 2007-Ohio-6103.

{¶8} On December 9, 2009, appellant filed a motion for "relief from unlawful restraint of liberty." The trial court denied same on February 26, 2010.

{¶9} On March 17, 2010, appellant filed a motion for relief from judgment, citing Civ.R. 60(B). On May 5, 2010, appellant filed a motion for summary judgment, citing Civ.R. 56. Furthermore, on May 17, 2010, appellant filed a pleading captioned "Judicial Notice."

{¶10} The trial court denied the three aforesaid motions/pleadings on June 15, 2010.

{¶11} Appellant filed a notice of appeal on July 8, 2010. He herein raises the following two Assignments of Error:

{¶12} "I. THE COURT OF COMMON PLEAS, GUERNSEY COUNTY, OHIO, ABUSED ITS DISCRETION BY DENYING VARIOUS MOTIONS/DOCUMENTS WITHOUT ANY FINDINGS OF FACT OR CONCLUSIONS OF LAW.

{¶13} "II. THE COURT ABUSED ITS DISCRETION WHEN IT FAILED AND/OR REFUSED TO CONSTRUE THE STATUTES IN HARMONY WITH THE COMMON LAW."

I.

**{¶14}** In his First Assignment of Error, appellant contends the trial court committed reversible error by failing to issue findings of fact and conclusions of law regarding his postconviction motions claiming lack of court jurisdiction. We disagree.

**{¶15}** Appellant's motions were chiefly based upon Civ.R. 56 and Civ.R. 60(B). We recognize that Crim.R. 57(B) directs "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." However, appellant herein wholly fails to articulate how a redress of a Civ.R. 56 summary judgment motion at this stage would legally affect his criminal conviction and sentence. Similarly, "Civ.R. 60(B) is not the appropriate vehicle for challenging criminal convictions. Civ.R. 60(B) motions are to be treated as petitions for post-conviction relief and, as such, are subject to strict time limitations for filing." *State v. Green*, Franklin App.No. 08AP-718, 2009-Ohio-2149, ¶ 4, citing *State v. Schlee,* 117 Ohio St.3d 153, 2008-Ohio-545.

**{¶16}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶17}** In his Second Assignment of Error, appellant appears to argue that the trial court, in addressing his most recent postconviction motions, failed to apply statutory in law accordance with common law.

**{¶18}** Appellant's argument is based on his claim of a reservation of rights under the Uniform Commercial Code. Pursuant to R.C. 1301.02(B), which is drawn from corresponding subsections in U.C.C. 1-102, the underlying purposes of the R.C.

Chapters 1301 through 1310 are "to simplify, clarify, and modernize the law governing commercial transactions, *** to permit the continued expansion of commercial practices through custom, usage, and agreement of the parties, *** [and] to make uniform the law among the various jurisdictions." Appellant herein presents no cognizable argument regarding the applicability of the U.C.C. to his various challenges to his criminal conviction and sentence. See App.R. 16(A)(7). This Court is aware that appellant is proceeding pro se; however, "[w]hile insuring that pro se appellants * * * are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." *State v. Wayt* (Mar. 20, 1991), Tuscarawas App. No. 90AP070045.

{¶19} Appellant's Second Assignment of Error is therefore overruled.

{¶20} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.


_____

_____

_____

JUDGES

JWW/d 0110

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                  :
                                               :
    Plaintiff-Appellee                 :
                                               :
-vs-                                           :          JUDGMENT ENTRY
                                               :
NATHANIAL BLACKER                              :
                                               :
    Defendant-Appellant                :          Case No. 10 CA 30


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.

Costs assessed to appellant.


                                          _____

                                          _____

                                          _____

                                               JUDGES