[Cite as *State v. Blacker*, 2024-Ohio-650.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 23CA000030 |
| NATHANIAL BLACKER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Appeal from the Guernsey County Court of Common Pleas, Case No.04CR178

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: February 21, 2023

APPEARANCES:

For Plaintiff-Appellee

JASON R. FARLEY
Assistant Guernsey County
Prosecuting Attorney
627 Wheeling Avenue
Cambridge, OH 43725

For Defendant-Appellant

NATHANIAL BLACKER, PRO SE
#A816262
Grafton Correctional Institution
2500 Avon-Belden Road
Grafton, OH 44044

*Gwin, J.*

{¶1} Appellant Nathanial Blacker appeals the August 24, 2023 judgment entry of the Guernsey County Court of Common Pleas denying his motion to vacate for lack of subject matter jurisdiction. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On December 12, 2004, appellant was indicted by the Guernsey County Grand Jury on two counts of aggravated robbery. Count One of the indictment concerned the robbery of the Secrest Carryout Store. Count Two of the indictment concerned the robbery of Plus One Pizza.

{¶3} Appellant filed a suggestion of incompetence on February 9, 2005. The court found appellant competent to stand trial, and the matter proceeded to a jury trial. On August 25, 2005, the jury returned a verdict of guilty as to Count One and a verdict of not guilty as to Count Two. Appellant was sentenced on September 19, 2005, to a prison term of seven years.

{¶4} Appellant filed a direct appeal of his conviction and sentence. Appellant argued: his conviction was against the manifest weight of the evidence, he received ineffective assistance from his trial counsel, and the trial court committed error when it sentenced appellant to a non-minimum prison term based upon facts that were not proven to the jury beyond a reasonable doubt. In *State v. Blacker*, 5th Dist. Guernsey No. 2005-CA-41, 2006-Ohio-5214, we rejected appellant's challenges to his conviction, but reversed his sentence and remanded it to the trial court for a new sentencing hearing consistent with the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).

**{¶5}** The trial court resentenced appellant on December 26, 2006, again sentencing him to a seven-year prison term. Appellant appealed, arguing that Ohio's post-*Foster* sentencing scheme was unconstitutional. We rejected appellant's arguments and affirmed his resentencing. *State v. Blacker*, 5th Dist. Guernsey No. 2007-CA-3, 2007-Ohio-6103.

**{¶6}** Appellant filed a "motion for relief from unlawful restraint of liberty" on December 9, 2009. The trial court denied the motion on February 26, 2010. Appellant filed a motion for relief from judgment pursuant to Civil Rule 60(B) on March 17, 2010. Appellant also filed a motion for summary judgment pursuant to Civil Rule 56 in May of 2010. The trial court denied the motions.

**{¶7}** Appellant appealed to this Court, arguing the trial court abused its discretion by denying the motions without findings of facts and conclusions of law, and arguing the trial court abused its discretion when it failed to construe the statutes in harmony with the common law. In *State v. Blacker*, 5th Dist. Guernsey No. 10 CA 30, 2011-Ohio-570, we overruled appellant's assignments of error.

**{¶8}** Appellant filed a "motion to vacate for lack of subject matter jurisdiction" on July 27, 2023. In his motion, appellant argued his conviction was void because the indictment failed to charge a cognizable offense, and that the Ohio Revised Code is not the official criminal code in the State of Ohio. Appellee filed a response to the motion on August 11, 2023. The trial court overruled appellant's motion on August 24, 2023.

**{¶9}** Appellant appeals the August 24, 2023 judgment entry of the Guernsey County Court of Common Pleas and assigns the following as error:

{¶10} "I. THE COMMON PLEAS COURT'S STATUTORY JURISDICTION IS CONTRARY TO THE U.S. CONSTITUTION.

{¶11} "II. HUMAN BEINGS ARE NOT INCLUDED WITHIN THE SUBJECT-MATTER JURISDICTION OF THE CODES.

{¶12} "III. THE INDICTMENT DOES NOT CHARGE A VIOLATION OF THE OFFICIAL STATUTES OF OHIO AND FAILS TO CHARGE AN OFFENSE WITHIN THE COURT'S SUBJECT-MATTER JURISDICTION NOR THAT APPELLANT IS AMENABLE TO."

I.

{¶13} In his first assignment of error, appellant contends the "statutory jurisdiction that the common pleas court is operating under is contrary to the U.S. Constitution" and thus, the trial court lacked subject matter jurisdiction over him.

{¶14} Appellant did not raise this argument in his motion to vacate. "It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived." *State v. Barrett*, 10th Dist. Franklin No. 11AP-375, 2011-Ohio-4986; *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990); *State v. Shropshire*, 5th Dist. Stark No. 2022 CA 00159, 2023-Ohio-2783.

{¶15} Further, "subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.

{¶16} Contrary to appellant's assertion, it is clear that both the Ohio Constitution and the Ohio Revised Code provide the trial court with subject-matter jurisdiction over this case. "[C]ourts of common pleas * * * are created by the Ohio Constitution and have

statewide subject-matter jurisdiction" pursuant to Sections 4(A) and (B) in Article IV of the Ohio Constitution. *Cheap Escape Co. v. Haddox, LLC,* 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601. Further, "a person is subject to criminal prosecution and punishment in this state if * * * [t]he person commits an offense under the laws of this state, any element of which takes place in this state." R.C. 2901.11(A)(1). Courts of common pleas have original jurisdiction in felony cases, invoked by an indictment. R.C. 2931.03; *Click v. Eckle*, 174 Ohio St. 88, 186 N.E.2d 731 (1962). Here, there is no question appellant was indicted for robbery, providing the trial court with jurisdiction.

{¶17} Appellant's first assignment of error is overruled.

II.

{¶18} In his second assignment of error, appellant argues that human beings are not included within the jurisdiction of the Ohio Revised Code.

{¶19} Appellant did not raise this argument in his motion to vacate. "It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived." *State v. Barrett*, 10th Dist. Franklin No. 11AP-375, 2011-Ohio-4986; *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990); *State v. Shropshire*, 5th Dist. Stark No. 2022 CA 00159, 2023-Ohio-2783.

{¶20} Additionally, "a person is subject to criminal prosecution and punishment in this state if * * * [t]he person commits an offense under the laws of this state, any element of which takes place in this state." R.C. 2901.11(A)(1). A "person" in the Ohio Revised Code includes an individual. R.C. 1.59(C). "Person" is defined as "a human being." Black's Law Dictionary (11th ed. 2019).

{¶21} Appellant's second assignment of error is overruled.

III.

{¶22} In his third assignment of error, appellant contends his conviction was void because the indictment failed to charge a cognizable offense and that the Ohio Revised Code is not the official criminal code in the State of Ohio.

{¶23} To the extent that appellant challenges the validity of the indictment under which he was ultimately convicted, we find this argument is barred by the doctrine of res judicata. A final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, other than direct appeal from the judgment, any defense or lack of due process that was raised or could have been raised at the trial which resulted in the judgment of conviction, or on appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233.

{¶24} We find the issues raised by appellant in his motion and in the instant appeal are issues which were cognizable upon direct appeal from his judgment of conviction and sentence. Appellant's collateral attack on the judgment on these grounds is barred by res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Appellant could have raised the claimed error as to the indictment in his direct appeal, but failed to do so.

{¶25} We find appellant's argument that the Revised Code is not the "official" criminal code in Ohio to lack merit. The Ohio General Assembly promulgated R.C. 1.01, which provides, "all statutes of a permanent and general nature of the state as revised and consolidated into general provisions, titles, chapters, and sections shall be known and designated as the "Revised Code * * *.""

{¶26} Based on the foregoing, appellant's assignments of error are overruled. The August 24, 2023 judgment entry of the Guernsey County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P. J., and

Baldwin, J., concur