THE STATE OF OHIO, APPELLEE, *v.* SCHLEE, APPELLANT.

[Cite as *State v. Schlee,* 117 Ohio St.3d 153, 2008-Ohio-545.]

(No. 2006–1608—Submitted August 14, 2007—Decided February 20, 2008.)

PFEIFER, J.

{¶ 1} Appellant Larry M. Schlee was convicted of aggravated murder in 1993 and was sentenced to life imprisonment with parole eligibility after 20 years. On appeal, the court of appeals affirmed Schlee's conviction and sentence. *State v. Schlee* (Dec. 23, 1994), Lake App. No. 93–L–082, 1994 WL 738452. We declined to accept jurisdiction of the appeal. (1995), 72 Ohio St.3d 1518, 649 N.E.2d 278.

{¶ 2} Schlee then filed two postconviction-relief petitions, both of which the trial court denied. Schlee appealed, and the court of appeals, after remanding the first petition for further findings, eventually affirmed the denial of both petitions. *State v. Schlee* (Dec. 17, 1999), Lake App. No. 98–L–187, 1999 WL 1313651; *State v. Schlee* (Sept. 22, 2000), Lake App. No. 99–L–112, 2000 WL 1387985. We declined to accept jurisdiction of either appeal. (2000), 88 Ohio St.3d 1481, 727 N.E.2d 131; (2001), 91 Ohio St.3d 1428, 741 N.E.2d 893.

{¶ 3} Having exhausted all appeals and postconviction-relief proceedings, Schlee filed a motion for a new trial, which was granted. After a new trial in March 2004, Schlee was again convicted of aggravated murder. He was sentenced to life imprisonment with parole eligibility after 15 years. Schlee appealed, and the court of appeals affirmed the decision of the trial court. *State v. Schlee,* Lake App. No. 2004–L–070, 2005-Ohio-5117, 2005 WL 2372763. We declined to accept jurisdiction of the appeal. 108 Ohio St.3d 1474, 2006-Ohio-665, 842 N.E.2d 1053.

{¶ 4} On March 16, 2005, Schlee filed a motion for relief from judgment pursuant to Civ.R. 60(B). Schlee alleged prosecutorial misconduct in both of his trials. He also alleged that he had been unconstitutionally subjected to double jeopardy. He requested reversal of his conviction and dismissal of the indictment with prejudice.

{¶ 5} The trial court treated Schlee's Civ.R. 60(B) motion as a petition for postconviction relief under R.C. 2953.21 and dismissed the petition as untimely.

The court of appeals affirmed the trial court's decision. *State v. Schlee,* Lake App. No. 2005–L–105, 2006-Ohio-3208, 2006 WL 1725869. We declined to accept jurisdiction of the appeal, 111 Ohio St.3d 1432, 2006-Ohio-5351, 855 N.E.2d 497, but the Lake County Court of Appeals certified this case as being in conflict with the decision of the Hamilton County Court of Appeals in *State v. Lehrfeld,* Hamilton App. No. C–030390, 2004-Ohio-2277, 2004 WL 1043795. We determined that a conflict existed. 111 Ohio St.3d 1429, 2006-Ohio-5351, 855 N.E.2d 495.

{¶ 6} Accordingly, we now consider the following certified question: "Whether the trial court can recast [a]ppellant's Motion For Relief From Judgment as a petition for postconviction relief when it has been unambiguously presented as a Civil Rule 60(B) [motion]." For the reasons that follow, we answer the certified question in the affirmative.

{¶ 7} Crim.R. 57(B) states, "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."

{¶ 8} Civ.R. 60(B) allows relief from a judgment or order based on "fraud * * *, misrepresentation or other misconduct of an adverse party," or "any other reason justifying relief from the judgment." Civ.R. 60(B)(3) and (5).

{¶ 9} When a defendant in a criminal case files a Civ.R. 60(B) motion requesting relief from a judgment, how is a trial court to proceed? The courts of appeals in Ohio have crossed the intersection of Civ.R. 60(B) and Crim.R. 57(B) in both directions. See, e.g., *State v. Israfil* (Nov. 15, 1996), Montgomery App. No. 15572, 1996 WL 665006, *1 ("Civ.R. 60(B) has no application to judgments in criminal cases"); *State v. Johnson* (Jan. 17, 2002), Richland App. No. 01–CA–88, 2002 WL 110571, *1 ("the Civil Rules do not apply in criminal cases"); *State v. Plassman,* Fulton App. No. F–03–017, 2004-Ohio-279, 2004 WL 103016, ¶ 7 ("Civ.R. 60(B) is available in criminal cases for certain procedures that were not anticipated by the criminal rules"); *State v. Wooden,* Franklin App. No. 02AP–473, 2002-Ohio-7363, 2002 WL 31894921, ¶ 8 ("Crim.R. 57(B) permits a court to look to the rules of civil procedure if no applicable rule of criminal procedure exists"). This split of authority is puzzling given the plain language of Crim.R. 57(B) that courts "shall look to the rules of civil procedure * * * if no rule of criminal procedure exists." We would have thought that the clarity of that command would be impossible to miss if we had not made the same mistake ourselves. See *State ex rel. Natl. Broadcasting Co. v. Lake Cty. Court of Common Pleas* (1990), 52 Ohio St.3d 104, 108, 556 N.E.2d 1120 ("this order was issued in a criminal case, and hence Civ.R. 65 does not apply"). But see id. at 117, 556 N.E.2d 1120 (Douglas, J., concurring) (the majority's statement that Civ.R. 65 does not apply "ignores Crim.R. 57(B)").

{¶ 10} We had previously acknowledged that Crim.R. 57(B) allows courts to apply the Civil Rules in criminal proceedings. *State v. Lilliock* (1982), 70 Ohio St.2d 23, 25, 24 O.O.3d 64, 434 N.E.2d 723 (Crim.R. 57(B) "directs courts to the Civil Rules when no procedure is specifically prescribed by Criminal Rule"); see also *State v. McGettrick* (1987), 31 Ohio St.3d 138, 141, 31 OBR 296, 509 N.E.2d 378, fn. 5 (Crim.R. 57(B) permits use of Civ.R. 25(A) for substitution of parties). Today we hold that the plain language of Crim.R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance when no applicable Rule of Criminal Procedure exists. We therefore overrule *Natl. Broadcasting Co.*, 52 Ohio St.3d 104, 556 N.E.2d 1120, to the extent that it stands for a contrary proposition of law.

{¶ 11} We must now consider whether Schlee properly resorted to Civ.R. 60(B) in this case, that is, whether the absence of an applicable Criminal Rule justified invoking a Civil Rule in its place. The state contends, and we agree, that Crim.R. 35, which sets forth the procedure by which criminal defendants can file petitions for postconviction relief, was available to Schlee and serves the same purpose as the Civ.R. 60(B) motion he filed.

{¶ 12} Schlee's Civ.R. 60(B) motion was labeled a "Motion For Relief From Judgment." Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, citing *State v. Reynolds* (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131. In *Reynolds*, we concluded that a motion styled "Motion to Correct or Vacate Sentence" met the definition of a petition for postconviction relief pursuant to R.C. 2953.21(A)(1), because it was "(1) filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." Id. at 160, 679 N.E.2d 1131. The Civ.R. 60(B) motion filed by Schlee was filed subsequent to his direct appeal, claimed a denial of constitutional rights, and sought reversal of the judgment rendered against him. We conclude, therefore, that the Civ.R. 60(B) motion filed by Schlee could have been filed as a petition for postconviction relief. Thus, it is not necessary to look to the Civil Rules or other applicable law for guidance in the way Crim.R. 57(B) intends, because a procedure "specifically prescribed by rule" exists, i.e., Crim.R. 35.

{¶ 13} We recognize that some motions may not be recast by a trial court. In *Bush*, for example, the trial court treated the defendant's Crim.R. 32.1 motion to withdraw his guilty plea as a petition for postconviction relief and denied it. *Bush*, 96 Ohio St.3d at 236, 773 N.E.2d 522. The court of appeals affirmed, but we reversed, holding that "R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea. Postsentence motions to with-

draw guilty or no contest pleas and postconviction relief petitions exist independently." Id. at 239, 773 N.E.2d 522. The Civ.R. 60(B) motion filed in this case does not exist "independently" from a petition for postconviction relief pursuant to Crim.R. 35 and R.C. 2953.21.

{¶ 14} We conclude that the trial court in this case did not err when it considered Schlee's Civ.R. 60(B) motion as if it were a petition for postconviction relief. Accordingly, we answer the certified question in the affirmative and affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

LUNDBERG STRATTON and CUPP, JJ., concur in judgment only.

**CUPP, J., concurring in judgment only.**

{¶ 15} I concur in the judgment of the court. I agree that the Civ.R. 60(B) motion filed by Schlee ought to have been filed as a petition for postconviction relief because Crim.R. 35 prescribes the attendant procedures.

{¶ 16} However, I do not believe that trial courts—and specifically the trial court in this case—should "recast" motions that are clearly labeled. The motion filed by Schlee was not an "irregular 'no-name'" motion requiring the court to categorize it. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 10. Rather, it was specifically delineated as a Civ.R. 60(B) motion. In such situations, the proper course for a trial court, in my view, is to simply deny the motion as improper under the rules, with, if appropriate, an explanation for the denial. Such a practice would allow the filing party to refile the motion under the proper procedural rule and is more consistent with our disposition in *Bush*.

{¶ 17} Moreover, there may be some unintended, unwanted consequences resulting from a trial court's recasting of a motion. As appellant asserts, the trial court's actions may abridge due process protections or adversely affect federal habeas corpus proceedings. For these reasons, I would answer the certified question in the negative, but I would nonetheless affirm the judgment of the court of appeals.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

––––––––––

Charles E. Coulson, Lake County Prosecuting Attorney, and Craig A. Swenson, Assistant Prosecuting Attorney, for appellee.

Jones Day, Douglas R. Cole, Gene Crawford, and Erik J. Clark, for appellant.

David H. Bodiker, Ohio Public Defender, and Kenneth R. Spiert, Assistant State Public Defender, urging reversal for amicus curiae Ohio Public Defender.

Charles B. Clovis, urging reversal for amicus curiae Ohio Association of Criminal Defense Lawyers.

Ron O'Brien, Franklin Country Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Franklin County Prosecutor Ron O'Brien.