[Cite as *State v. Hicks*, 2011-Ohio-1184.]

STATE OF OHIO, JEFFERSON COUNTY
IN THE COURT OF APPEALS
SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 JE 38 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| EUGENE HICKS | ) | |
| | ) | OPINION |
| DEFENDANT | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| DAVID MAYFIELD dba | ) | |
| BDM BAIL BONDS | ) | |
| | ) | |
| APPELLANT | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from the Court of Common Pleas of Jefferson County, Ohio Case No. 08 CR 75 |
| JUDGMENT: | Affirmed. |
| APPEARANCES: | |
| For Plaintiff-Appellee: | Atty. Thomas R. Straus Prosecuting Attorney Atty. Frank Bruzzese Assistant Prosecuting Attorney Jefferson County Justice Center 16001 State Route 7 Steubenville, Ohio 43952 |
| For Appellant: | David Mayfield, Pro se dba BDM Bail Bonds P.O. Box 157 Deerfield, Ohio 44411 |

JUDGES:
Hon. Cheryl L. Waite

Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 9, 2011

WAITE, P.J.

{1} Appellant, Dave Mayfield, dba BDM Bail Bonds, has filed a pro se appeal of the judgment of the Jefferson County Court of Common Pleas overruling his motion to vacate a judgment entry ordering forfeiture of the bond of Eugene Hicks, the criminal defendant in this case. The state did not file a brief in this appeal. Therefore, in considering this appeal, we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). Despite this deferential standard, we find that the trial court did not abuse its discretion when it overruled the motion to vacate at issue on appeal. Hence, the judgment of the trial court is affirmed.

{2} A complaint was issued by the Mingo Junction Police Department in Jefferson County Court #2 on April 10, 2008 charging Hicks with trafficking in drugs in violation of R.C. 2925.03, a felony of the third degree. Hicks was arrested pursuant to a warrant issued by the court that same day. Hicks was arraigned on April 11, 2008, and released on a recognizance bond posted by Appellant on April 14, 2008. Hicks appeared at the preliminary hearing held on April 21, 2008, where the drug trafficking charge was bound over to the next term of the Jefferson County Grand Jury.

**{3}** On June 4, 2008, Hicks was indicted on six counts of drug trafficking. A summons was issued the following day ordering Hicks to appear before the trial court on June 11, 2008. The summons was not returned until October 21, 2009, the day after the trial court overruled the motion to vacate that is at issue in this appeal.

**{4}** The sheriff's return of service indicated that, despite five attempts to deliver the indictment to Appellant's residence, the indictment was not served. Crim.R. 9 reads, in pertinent part, "[w]hen the person serving summons is unable to serve a copy of the summons within twenty-eight days of the date of issuance, he shall endorse that fact and the reasons therefor on the summons and return the summons, and copies to the clerk, who shall make the appropriate entry on the appearance docket."

**{5}** Because the summons was filed more than a year and four months after it was issued, it is not clear whether the five attempts to serve Hicks occurred in June of 2008 or October of 2009. Although there is no entry on the docket, the record reflects that Hicks did not appear on June 11, 2008, since the state relies on that hearing date to establish that Hicks failed to appear before the court as ordered, and as required by the criminal rule.

**{6}** The next entry on the docket, following the summons issued on June 5, 2008, is the motion for bail forfeiture and for a show cause hearing to determine why forfeiture of the bond should not be ordered in this case. It was filed by the state on January 23, 2009, approximately seven and a half months after the summons was issued, but, at that point, not returned.

**{7}** A hearing was scheduled for February 23, 2009. Appellant filed a motion to continue the hearing because he was going to be out of the country on that date. He requested a continuance of "at least 14 days from the original hearing date." (2/10/09 Mot. for Cont., p. 1.) Appellant's motion was granted on February 23, 2009, and the matter was reset for March 23, 2009.

**{8}** The docket reflects that a copy of the judgment entry continuing the show cause hearing was sent to Appellant by the state. A February 24, 2009 docket entry reads, "POSTAGE FOR MAILING ENTRY TO BDM BAIL BONDS AND DEFENDANT AND GIVEN TO PROSECUTOR." The copy of the judgment entry sent to Hicks was returned as undeliverable; the copy sent to Appellant was not returned and is presumed to have been delivered.

**{9}** In the judgment entry granting the state's forfeiture motion dated April 20, 2009, the trial court stated that a hearing was conducted on March 23, 2009, and that Appellant appeared at the hearing and asked the trial court for additional time to locate Hicks. The trial court granted Appellant's oral motion for a continuance, and reset the hearing for April 20, 2009. Appellant did not appear at the April 20, 2009 hearing. The trial court concluded that Appellant had failed to show cause why the bond should not be forfeited and that he was given a reasonable amount of time to locate Hicks. A copy of the judgment entry granting the motion for bail forfeiture was sent via certified mail to Appellant's P.O. box but was returned to the clerks' office and marked "RETURN TO SENDER[,] UNCLAIMED[,] UNABLE TO FORWARD" on May 12, 2009.

**{10}** On July 7, 2009, a judgment entry was issued ordering Appellant to appear for a debtors' examination on July 20, 2009. A copy of the judgment entry was sent via certified mail to Appellant's P.O. box but was returned to the clerks' office and marked "RETURN TO SENDER[,] UNCLAIMED[,] UNABLE TO FORWARD" on July 27, 2009. In the interim, on July 14, 2009, Appellant filed a motion to continue the debtors' exam. In the motion, Appellant provided the same P.O. box address to which the trial court had sent all of the previous orders.

**{11}** Approximately four months after the issuance of the judgment entry ordering forfeiture of Hicks' bond, on August 10, 2009, Appellant filed a motion to vacate the April 20, 2009 judgment entry. Appellant provided the same P.O. box address in his motion used by the trial court to send his certified mail. In the motion to vacate, Appellant claimed that he did not appear at the March 23 hearing, and, as a consequence, he was not aware that the hearing had been continued until April 20, 2009. His statements are in direct conflict with the April 20 judgment entry, in which the trial court journalized that Appellant attended the hearing and requested a continuance. On October 20, 2009, the trial court summarily overruled the motion to vacate. That same day, the trial court issued a capias for Hicks' arrest, and the following day the sheriff's return of summons was filed, indicating that the summons was never served.

**{12}** Appellant's motion to vacate was, essentially, a Civ.R. 60(B) motion. "[T]he plain language of Crim.R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance when no applicable Rule of Criminal

Procedure exists." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶10. Therefore, the civil rules may be invoked where appropriate to fill a void in the rules of criminal procedure in a criminal case. Id. Because Appellant is not the criminal defendant in this case, and because he seeks to vacate a bond forfeiture order, we find that the body of law developed under Civ.R. 60 fills the void in the criminal rules with respect to the issue raised in this appeal.

**{13}** In the civil context, we have held that, "a party cannot use a Civ.R. 60(B) motion for relief from judgment as a substitute for a timely appeal or as a means to extend the time for filing an appeal from the original judgment." *Ohi-Rail v. Barnett*, 7th Dist. No. 09 JE 18, 2010-Ohio-1549, ¶19 citing *Key v. Mitchell* (1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548. Likewise, the Ohio Supreme Court has recognized:

**{14}** "Such procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment." *State ex rel. Durkin v. Ungaro* (1988), 39 Ohio St.3d 191, 193, 529 N.E.2d 1268.

**{15}** On the basis of Appellant's failure to appeal the April 20, 2009 judgment entry, alone, we could decline to hear this appeal because it amounts to an untimely appeal of the judgment entry ordering forfeiture of Hicks' bond. As there appears to be certain questions regarding service to Appellant, even if we consider this as a

timely appeal of a properly filed 60(B) motion, Appellant has not demonstrated that the trial court abused its discretion when it overruled his motion.

{16} For the purposes of this appeal, Civ.R. 60(B) permits a party to be relieved of the consequences of a judgment due to excusable neglect or any other reason justifying relief from the judgment. Civ.R. 60(B)(1), 60(B)(5). To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

{17} In his first assignment of error, Appellant apparently contends that he has a meritorious defense: that is, there was no basis for bail forfeiture in this case. In his second assignment of error, he asserts that he has a valid excuse for failing to appear at the April 20, 2009 show cause hearing.

{18} Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served. *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 249, 18 O.O.3d 442, 446, 416 N.E.2d 605, 610. A trial court's ruling on a Civ.R. 60(B) motion is reviewed only for abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. Abuse of discretion indicates a ruling that is arbitrary, unreasonable or

unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. We address Appellant's assignments of error out of order for ease of analysis.

ASSIGNMENT OF ERROR NO. 2

**{19}** "The trial court erred in overruling Surety Dave Mayfield's Motion to Vacate Judgment Against Defendant and BDM Bail Bonds because Mayfield was denied the opportunity to be present at the Show-Cause hearing."

**{20}** In his second assignment of error, Appellant argues that his due process rights were violated because he was not present at the March 23, 2009 show cause hearing, and, therefore, he concludes that he has "a valid reason for his absence from the April 20 hearing." (Appellant's Brf., p. 7.) However, the record establishes that Appellant had notice of the March 23, 2009 show cause hearing. Therefore, his due process rights were not violated. To the contrary, if he was not there, Appellant is solely responsible for his failure to appear at that hearing. Therefore, we must determine whether his failure to appear constitutes excusable neglect.

**{21}** First, the record demonstrates that Appellant did receive a copy of the judgment entry continuing the show cause hearing. Although the copy of the judgment entry continuing the hearing mailed to Hicks was returned to the clerk's office marked "UNDELIVERABLE," the copy sent to Appellant was not returned.

**{22}** Next, although several entries in this case addressed to Appellant were returned to the clerk's office marked "UNDELIVERABLE," the record shows that Appellant maintained the P.O. box address as his address of record throughout the

pendency of this case. Finally, Appellant asked for a fourteen day continuance of the originally set show cause hearing, scheduled for February 23, 2009. The trial court continued the hearing for a full month, until March 23, 2009. Appellant complains that he was out of the country on the new hearing date, however, his motion to continue plainly indicated that he would be back in Jefferson County within two weeks of the original hearing date, and the trial court gave him an additional two weeks beyond that time.

{23} The United States Supreme Court in *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, recognized that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 314. In this case, Appellant was provided notice reasonably calculated to inform him of the new date for the show cause hearing. We note, again, that the record reflects that Appellant was present for that hearing. Assuming, arguendo, that he was not, Appellant's only explanation for failing to appear at the March 23, 2009 hearing was that he was still out of the country. However, he warranted in his motion to continue that he would be back in Jefferson County two weeks after the original hearing date, and apparently made no effort to ascertain whether a new hearing date was set.

{24} The inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system*." Kay v. Marc Glassman, Inc.*

(1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102, 1105. Giving Appellant's version of the facts the benefit of complete credibility, he admits that he travelled outside of the country knowing, at the very least, that his motion to continue the February 23, 2009 show cause hearing was pending. Appellant made no effort to determine the status of the hearing, nor did he notify the trial court that he would not return to the United States on the date specified in his own motion. We find that the trial court did not abuse its discretion is denying Appellant's 60(B) motion, because this record reflects that his (admitted) failure to attend the April 20, 2009 hearing was not the result of excusable neglect. Accordingly, Appellant's second assignment of error is overruled.

ASSIGNMENT OF ERROR NO. 1

{25} "The trial court erred in overruling Surety Dave Mayfield's Motion to Vacate Judgment Against Defendant and BDM Bail Bonds because there was no basis for bail forfeiture in this case."

{26} The purpose of bail is to insure that a defendant appears at all stages of the criminal proceedings. *State v. Hughes* (1986), 27 Ohio St.3d 19, 20, 501 N.E.2d 622. Crim.R. 46(I) provides, "[a]ny person who fails to appear before any court as required is subject to the punishment provided by the law, and any bail given for the person's release may be forfeited. If there is a breach of condition of bail, the court may amend the bail."

{27} R.C. Chapter 2937 provides the procedure for bail forfeiture. Pursuant to R.C. 2937.35, "[u]pon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or

in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date."

{28} When there is a declaration of forfeiture, R.C. 2937.36 states, in pertinent part, "[a]s to recognizances [the clerk or magistrate] shall notify accused and each surety by ordinary mail * * * of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, * * * why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture * * *." R.C. 2937.36(C).

{29} Appellant advances three arguments to support his conclusion that there was no basis for bail forfeiture in this case. First, he contends that the April 20th judgment entry is premised on a mistake of fact, that is, that he was present at the March 23, 2009 show cause hearing. Because he says he was not present on March 23, 2009, he concludes that he has "a valid reason for his absence from the April 20 hearing." (Appellant's Brf., p. 4.)

{30} This argument is rejected for the reasons articulated in the analysis of his second assignment of error. The trial court notified Appellant of the new hearing

date. Whether he attended the March 23 hearing or not, and the trial court clearly indicates that he did, because he was clearly provided notice of the March 23 hearing, he cannot use alleged failure to attend as a valid excuse for failing to appear for the April 20 hearing.

{31} Next, Appellant argues, "[n]o capias or warrant has ever been issued for Hicks' arrest, and there has been no failure of Hicks to appear for a set court date as service of the summons and indictment were never successfully made upon Hicks." (Appellant's Brf., p. 4.) Appellant's second argument is premised on the theory that "[w]ithout the essential step of a capias or warrant being issued for the defendant's arrest, the bondsman cannot legally make an arrest." (Appellant's Brf., p. 5.) Appellant relies on the procedural histories in several Ohio cases, in which a capias was issued when the various defendants did not appear for a court hearing.

{32} In *State v. Kole* (2001), 92 Ohio St.3d, 750 N.E.2d 148, the Ohio Supreme Court was asked to determine whether a bounty hunter employed by a bondsman enjoyed a common law or statutory privilege to enter the residence of a third party to apprehend a fugitive. In its analysis of the question presented, the Court revisited the longstanding common law announced in *Taylor v. Taintor* (1872), 83 U.S. (16 Wall.) 366, 371-372, 21 L.Ed. 287, 290, in which the United States Supreme Court stated:

{33} "When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment. Whenever they choose to do so, they may seize him and deliver him up in their

discharge; and if that cannot be done at once, they may imprison him until it can be done. * * * The seizure is not made by virtue of new process. None is needed. It is likened to the rearrest by the sheriff of an escaping prisoner."

{34}   In this case, Appellant did not need any new process to apprehend Hicks. Consequently, Appellant's argument, to the extent that it is based on the lack of an arrest warrant, must fail.

{35}   Finally, Appellant argues that Hicks did not "fail to appear" before the trial court on June 11, 2008, as required by the criminal rule, because the indictment was never served. However, the indictment was not served because no one answered the door at Hicks' address. In *Taylor*, the bondsman argued that good cause existed for his failure to produce the defendant to the trial court because he was imprisoned in another state. The United States Supreme Court held, "the failure of the sureties to surrender their principal, was, in the view of the law, the result of their own negligence or connivance, in suffering their principal to go beyond the jurisdiction of the court and from under their control." Id. at 372.

{36}   The same is true here. Appellant may not rely on the trial court's inability to serve the indictment, where this failure is the result of Appellant's failure to maintain Hicks within the jurisdiction of the trial court. Therefore, Hicks' failure to appear as ordered by the court following his indictment was sufficient to satisfy the requirement of the criminal rule. Based on the well-settled law in this state governing bail bondsman, Appellant's first assignment of error is overruled.

**{37}** In summary, Appellant seems to be substituting a motion to vacate for a properly filed appeal and we could dismiss this matter on that basis, alone. Giving credence to certain of his factual claims, however, even if we review the matter as a timely appeal the record clearly shows that he has also failed to prove he is entitled to relief under any of the grounds stated in Civ.R. 60(B) or that he has a meritorious defense or claim to present if Civ.R. 60(B) relief is granted. Accordingly, the trial court did not abuse its discretion when it overruled the motion to vacate. The judgment entry of the trial court overruling the motion to vacate in this case is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.