[Cite as *State v. Good*, 2012-Ohio-2854.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 12CA01 |
| | : | |
| | : | |
| DARRIN C. GOOD | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:          Criminal Appeal from Guernsey
                                                           County Court of Common Pleas Case
                                                           No. 09CR68

JUDGMENT:                                          Affirmed

DATE OF JUDGMENT ENTRY:          June 21, 2012

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

DANIEL G. PADDEN                           DARRIN C. GOOD
Guernsey County Prosecuting Attorney   #616-849
139 W. 8th Street                               Hocking Correctional Facility
P.O. Box 640                                      P.O. Box 59
Cambridge, Ohio  43725                      Nelsonville, Ohio  45764

*Edwards, J.*

{¶1} Appellant, Darrin Good, appeals a judgment of the Guernsey County Common Pleas Court overruling his Civ. R. 60(B)(5) motion for relief from his judgment of conviction and sentence. Appellee is the State of Ohio.

### STATEMENT OF FACTS AND CASE

{¶2} In 2009, appellant was convicted of seven counts of theft (R.C. 2913.02) and three counts of possession of criminal tools (R.C. 2923.24) upon a plea of no contest. He was sentenced to a total term of incarceration of 48 months. In the judgment entry of sentencing filed October 21, 2009, the court stated:

{¶3} "The Court found Defendant prison-eligible in this case under Revised Code Section 2929.13 based upon his having served prior prison term [sic] and the offense was committed while under probation in case no. 5171769 from Worshester Co., Maryland."

{¶4} Appellant did not appeal the judgment.

{¶5} On October 24, 2011, appellant filed a Civ. R. 60(B) motion. In this motion he acknowledged that he had previously served time in a federal prison as noted by the trial court in the judgment. However, he argued that the presentence investigation report was "bogus" because he had never been on probation in Maryland. He also argued that he asked his trial counsel to have sentencing continued to get a new PSI and she replied that there was no use trying. The trial court overruled the motion.

{¶6} Appellant assigns five errors on appeal:

{¶7} "I. JUDGE BASED SENTENCE ON ERRONEOUS AND UNRELIABLE INFORMATION OF THE PSI.

**{¶8}** "II. COURT ABUSED ITS DISCRETION WHEN DEFENDANT WAS NOT GIVEN REASONABLE OPPORTUNITY TO CHALLENGE PSI.

**{¶9}** "III. EVIDENCE WAS INSUFFICIENT TO SUPPORT PSI.

**{¶10}** "IV. DEFENDANT WAS DENIED EFFECTIVE ASSISTANT OF COUNSEL WHEN COUNSEL FAILED TO CHALLENGE PSI.

**{¶11}** "V. THE SENTENCING COURT IS IN MANIFEST DISREGARD OF CRIMINAL PROCEDURE RULES, A VIOLATION OF R.C. 2941.12."

I-V

**{¶12}** We address all of appellant's assignments of error together, as the only issue properly before this Court on appeal is whether the trial court erred in overruling his motion for relief from judgment.

**{¶13}** Appellant filed his pro se motion pursuant to Civ. R. 60(B). Crim. R. 57(B) states:

**{¶14}** "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."

**{¶15}** The Ohio Supreme Court has held that a Civ. R. 60(B) motion may be treated as a petition for postconviction relief pursuant to R.C. 2953.21 where the motion is filed subsequent to direct appeal, claims a denial of constitutional rights, seeks to render the judgment void, and asks for vacation of the judgment and sentence. *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶12.

**{¶16}** We find that appellant's motion meets the *Schlee* test. The motion was filed subsequent to the time for direct appeal, claimed a denial of due process rights, seeks to render the sentencing judgment void, and asks for vacation of the sentence.

**{¶17}** R.C. 2953.21(A)(2) provides that if no direct appeal was taken, a petition for postconivction relief shall be filed no later than 180 days after the date on which the time for filing an appeal expired. Appellant's motion, filed nearly two years after the time for appeal expired, is clearly untimely under this statute. However, pursuant to R.C. 2953.23(A), the court may consider an untimely filed petition:

**{¶18}** "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

**{¶19}** "(1) Both of the following apply:

**{¶20}** "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶21}** "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a

sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."

{¶22} Appellant claimed in his motion that he had just received a copy of the judgment entry. However, he has not demonstrated pursuant to R.C. 2953.23(A) that his sentence is unconstitutional. He claims he was never on probation in the State of Maryland, yet the court found he was on probation at the time of the offense. The sentencing factors to which the court referred in its judgment are found in R.C. 2929.13(B)(2):

{¶23} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

{¶24} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance."

{¶25} Appellant acknowledged that he had previously served a prison term. He denies that he was on probation in Maryland at the time of the offense, as stated by the court. While the record does not demonstrate that he was on probation, the record does show that he was wanted on a capias issued by the state of Maryland, in the same case referenced by the judge in the instant case, after being released from custody and failing to appear for trial. Therefore, the court's finding under R.C. 2929.13(B)(2)(h) was supported by the record and the court did not err in overruling appellant's motion.

**{¶26}** The assignments of error are overruled.

**{¶27}** The judgment of the Guernsey County Common Pleas Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/r0319

[Cite as *State v. Good*, 2012-Ohio-2854.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DARRIN C. GOOD | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12CA01 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES