[Cite as *State v. Allen*, **2013-Ohio-1409**.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2013-0006 |
| JOHN D. ALLEN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal Appeal from the Muskingum
County Court of Common Pleas, Case No.
CR2011-0109

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       March 25, 2013

APPEARANCES:

For Appellant:                          For Appellee:
JOHN D. ALLEN, #614204                  ROBERT L. SMITH
Hocking Correctional Facility           Assistant Prosecuting Attorney
Post Office Box 59                      27 North Fifth Street
Nelsonville, OH 45764                   Zanesville, OH 43701

*Baldwin, J.*

{¶1} Appellant John D. Allen appeals a judgment of the Muskingum County Common Pleas Court overruling his Civ. R. 60(B) motion for relief from judgment. Appellee is the State of Ohio.

### STATEMENT OF FACTS AND CASE

{¶2} On October 7, 2011, appellant was convicted of having a weapon while under disability (R.C. 2923.13(A)(3)) and obstructing official business (R.C. 2921.31(A)) following jury trial in the Muskingum County Common Pleas Court. He was sentenced on October 17, 2011, to three years of incarceration for having a weapon under disability and one year of incarceration for obstructing official business, to be served consecutively.

{¶3} Appellant filed a direct appeal of the judgment of conviction and sentence to this Court. He voluntarily dismissed this appeal.

{¶4} On January 4, 2013, appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B)(2), (3) and (5). The trial court summarily overruled the motion on January 10, 2013. Appellant appeals to this Court, assigning five errors:

{¶5} I. DEFECTIVE INDICTMENT AND INSUFFICIENT EVIDENCE.

{¶6} II. NO MIRANDA WARNING WAS GIVEN TO MR. ALLEN.

{¶7} III. CONFLICT OF INTEREST.

{¶8} IV. ILLEGAL SEARCH AND SEIZURE.

{¶9} V. SPEEDY TRIAL VIOLATION.

{¶10} Although appellant assigns five errors to the underlying judgment of conviction and sentence, the only issue properly before this Court is whether the trial court erred in overruling his motion for relief from judgment.

{¶11} Appellant filed his motion to vacate pursuant to Civ. R. 60(B), which allows relief from a judgment based on mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief from the judgment. Crim. R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance where no applicable Rule of Criminal Procedure exists. *State v. Schlee*, 117 Ohio St. 3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶10. A motion for relief from judgment may be treated as a petition for postconviction relief even when the motion has been unambiguously presented as a Civ. R. 60(B) motion. *Id.* at syllabus.

{¶12} Appellant's motion for relief from judgment argued that his conviction was void because the indictment was defective and not supported by sufficient evidence, he was not given *Miranda* warnings, the judge who signed the search warrant and the judge who tried the case had conflicts of interest, the search and seizure was illegal, and his speedy trial rights were violated. All of these issues could have been raised in a petition for postconviction relief pursuant to R.C. 2953.21(A)(1) and Crim. R. 35, because appellant's petition was (1) filed subsequent to his direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence. See *Schlee*, *supra*, at ¶12. Therefore, the motion was improperly filed as a Civ. R. 60(B) motion in a criminal case because a remedy was available through R.C. 2953.21(A)(1) and Crim. R. 35.

{¶13} Because the trial court summarily overruled appellant's petition, it is not clear if the trial court overruled the motion because it was improperly filed as a Civ. R. 60(B) motion rather than a petition for postconviction relief, or whether the trial court treated the motion as a petition for postconviction relief and dismissed it on the merits. Assuming arguendo that the trial court treated the motion as a petition for postconviction relief, the trial court did not err in dismissing the petition. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St. 2d 175, 180-181, 226 N.E.2d 104 (1967). All of the issues raised by appellant could have been raised on direct appeal to this Court, and are therefore barred by res judicata.

{¶14} Appellant's assignments of error are overruled.  The judgment of the Muskingum County Common Pleas Court is affirmed.  Costs to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.


HON. CRAIG R. BALDWIN


HON. WILLIAM B. HOFFMAN


HON. PATRICIA A. DELANEY


rad/CRB