[Cite as *State v. Weber*, 2014-Ohio-4133.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-080** |
| JOSEPH T. WEBER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 10 CR 000507.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Alana A. Rezaee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph T. Weber,* pro se, PID: A594653, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, OH 44430-0901 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Joseph T. Weber, appeals from the judgment of the Lake County Court of Common Pleas denying appellant's postconviction "Motion for Evidentiary Hearing." For the reasons discussed below, we affirm.

{¶2} In September 2010, appellant was charged, via bill of information, with one count of carrying concealed weapons, a felony of the fourth degree, in violation of R.C. 2923.12(A)(2); and three counts of receiving stolen property, in violation of R.C.

2913.51(A), two of which were felonies of the fourth degree and the remaining count, a felony of the fifth degree. Appellant entered a plea of guilty to all charges and, on January 11, 2011, the trial court sentenced appellant to an aggregate term of 66 months imprisonment. No appeal was filed from this judgment.

{¶3} On June 3, 2011, appellant filed a motion for judicial release and requested a hearing. The state opposed the motion. And, on June 21, 2011, the trial court denied the motion.

{¶4} On October 22, 2012, appellant filed a pro se motion for an "evidentiary hearing." In the motion, appellant claimed he was deprived of effective assistance of trial counsel when counsel failed to advise him of various rights he would be waiving by pleading guilty; he further asserted counsel was ineffective for failing to file a motion to suppress evidence.

{¶5} The state filed a memorandum in opposition to the motion, arguing appellant's pleading should be treated as a petition for postconviction relief. Construing the pleading thusly, the state asserted the petition should be denied because (1) it was untimely; and (2) the arguments could have been raised on direct appeal and are therefore barred by res judicata. On December 12, 2012, the trial court determined the pleading should be treated as a petition for postconviction relief. As such, the court agreed with the state's arguments and dismissed the petition. This appeal followed.

{¶6} Appellant asserts two assignments of error. For ease of discussion, we shall address them together. The provide:

{¶7} "[1.] Court abused its discretion in not granting evidentiary hearing which denied defendant due process and equal protection of the laws U.S.C.A. 14, 4, 5, 6.

2

{¶8} "[2.] Defendant was denied effective assistance of counsel and due process of the laws. U.S.C.A. 6, 14."

{¶9} Appellant's assigned errors argue his trial counsel was ineffective for failing to file a motion to suppress evidence. He contends that, had a hearing been held, the trial court would have concluded counsel's alleged deficient performance functioned to prejudice appellant.

{¶10} Preliminarily, "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶12, citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993. Because appellant's motion was (1) filed subsequent to the expiration of the time for filing a direct appeal, (2) claimed a denial of constitutional rights, and (3) was seeking to vacate his judgment on conviction, the trial court properly construed the pleading as a petition for postconviction relief. *Schlee, supra.*

{¶11} When a trial court dismisses a petition for postconviction relief, we review the judgment de novo. *State v. Johnson*, 5th Dist. Guernsey No. 12 CA 19, 2013-Ohio-1398, ¶27.

{¶12} R.C. 2953.21(A)(2) provides that petitions for postconviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." If, as here, no direct appeal is taken, the petition must be filed no later than 180 days after the expiration of the time for filing the appeal. *Id.*

{¶13} In this case, appellant was sentenced on January 11, 2011; the time for filing his direct appeal expired on February 10, 2011. Accordingly, the deadline for filing a petition for postconviction relief was August 9, 2011. The petition in the instant matter

3

was filed over a year after this date. In this respect, the trial court properly found the petition was time barred.

{¶14} R.C. 2953.23(A)(1), however, provides an exception for untimely petitions for postconviction relief. That subsection requires a petition to meet a two-pronged test. First, the petitioner must establish he was "unavoidably prevented from discovery of the facts upon which the [he] must rely to present the claim for relief" or, after the 180 day window to present a petition expired, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Also, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b).

{¶15} In this case, the trial court observed that appellant failed to set forth any argumentation relating to the circumstances described in R.C. 2953.23 and, as a result, appellant's petition was not excepted from the 180-day time limitation set forth under R.C. 2953.21.

{¶16} The trial court further concluded that even if the petition was timely, appellant's arguments were barred by res judicata. Pursuant to the doctrine of res judicata, "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in the judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. Further, to overcome the application of res judicata in the context of a

4

petition for postconviction relief, the petitioner must demonstrate, by reference to evidence dehors the record, that he was unable to raise the constitutional claim on direct appeal based upon the evidence in the existing record. *State v. Amato*, 11th Dist. Lake No. 2008-L-022, 2009-Ohio-2950, ¶28.

{¶17} In this case, appellant claimed his trial counsel was ineffective for failing to file a motion to suppress. Because appellant pleaded guilty to the bill of information, the only way in which he *could have* raised the issue is by reference to evidence dehors the record. In this respect, the argument appellant raised in his petition was not an available issue for direct appeal and, consequently, would not be barred by res judicata. Nevertheless, appellant failed to submit evidence outside the record to support any such argument pertaining to trial counsel's ineffectiveness and, as a result, his petition would be insufficient even if it were timely. In sum, to be successful, appellant would need to obtain additional evidence outside the record to support his assertion because the paucity of information in the record prevents this court from discerning any obvious mistakes or prejudice in the proceedings below.

{¶18} Appellant's two assigned errors are without merit.

{¶19} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

5