[Cite as *State v. Upham*, 2018-Ohio-625.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-17-1060

    Appellee                                 Trial Court No. CR0201101176

v.

Steven T. Upham                          **DECISION AND JUDGMENT**

    Appellant                                Decided:  February 16, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Andrew J. Lastra, Assistant Prosecuting Attorney, for appellee.

Steven Upham, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a February 17, 2017 judgment of the Lucas County
Court of Common Pleas, denying appellant's untimely motion for postconviction relief
arising from appellant's 2011 conviction of one count of complicity to commit murder, in
violation of R.C. 2923.02, with an accompanying firearm specification.

{¶ 2} On April 14, 2011, appellant was sentenced to a total term of incarceration of 13 years. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Steven Upham, sets forth the following assignment of error:

The trial court abused its discretion when it dismissed appellant's motion to dismiss or to support a conviction in the event that one should be had in violation of [the] 5th amendment and [the] 14th amendment due process.

{¶ 4} The following undisputed facts are relevant to this appeal. On the night of January 22, 2011, appellant called a former girlfriend and requested that she pick him up and transport him to another location for purposes of buying heroin.

{¶ 5} After driving the victim's vehicle several blocks away from the initial location to a nearby West Toledo intersection, appellant stopped the car, pulled out a firearm, and shot the victim in the left side of her head. Appellant fled the scene. The victim was able to drive the vehicle to a nearby carryout. The carryout personnel summoned emergency medical personnel and the victim was transported to an area hospital.

{¶ 6} The victim's injuries from the shooting required in excess of 100 stitches and resulted in left eye damage.

2.

**{¶ 7}** On January 31, 2011, appellant was indicted on two counts of felonious assault with a firearm, in violation of R.C. 2903.11, felonies of the second degree, and one count of attempted murder, in violation of R.C. 2923.02, a felony of the first degree.

**{¶ 8}** On April 12, 2011, the case proceeded to jury trial. Following jury trial, appellant was found guilty of attempted murder with an accompanying firearm specification, in violation of R.C. 2923.02, and sentenced to a total term of incarceration of 13 years.

**{¶ 9}** Prior to the present matter, appellant filed a direct appeal to this court. On January 18, 2013, this court affirmed the conviction and sentence of the trial court. *State v. Upham*, 6th Dist. Lucas No. L-11-1088, 2013-Ohio-132.

**{¶ 10}** On January 30, 2017, over four years after this court's denial of appellant's direct appeal, appellant filed a, "Motion to Dismiss or to Support a Conviction," the contents of which constituted a motion for postconviction relief.

**{¶ 11}** On February 17, 2017, the trial court denied appellant's motion. The trial court held in pertinent part, "The Court finds that the Defendant has not been unavoidably prevented from discovering the facts * * * Defendant's motion/petition is untimely, without excuse, and the court has no jurisdiction to consider his motion. Additionally, res judicata bars Defendant's motion/petition." This appeal ensued.

**{¶ 12}** In appellant's sole assignment of error, appellant maintains that the trial court erred in denying appellant's 2017 motion related to his 2011 case. We do not concur.

{¶ 13} R.C. 2953.21 establishes that a petition for postconviction relief must be filed within 180 days after the day upon which trial transcripts are filed in the course of a direct appeal. R.C. 2953.23 permits an untimely filing conditioned upon a movant establishing that he was, "[U]navoidably prevented from discovering the facts upon which he relied for his claim."

{¶ 14} The record reflects that the filing of the transcripts in appellant's direct appeal of his 2011 conviction occurred in 2012. The record further reflects that appellant's direct appeal was denied on January 18, 2013. The record reflects that appellant's current motion for postconviction relief was filed approximately four years after the expiration of the applicable statutory filing deadline. Lastly, the record reflects that appellant presented no evidence demonstrating unavoidable prevention of fact discovery so as to arguably warrant the untimely filing.

{¶ 15} Based upon the foregoing, this court finds that the trial court properly denied appellant's January 30, 2017 motion for postconviction relief. The record is devoid of any evidence that could arguably demonstrate the disputed motion denial to be improper. Wherefore, we find appellant's assignment of error to be not well-taken.

{¶ 16} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.             _____
                                                           JUDGE

Thomas J. Osowik, J.

                                            _____
James D. Jensen, J.                                        JUDGE
CONCUR.

                                            _____
                                                             JUDGE

5.