[Cite as *State v. Upham*, 2019-Ohio-2655.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                              Court of Appeals No.  L-18-1251

      Appellee                                       Trial Court No.  CR0201101176

v.

Steven Upham                                          **DECISION AND JUDGMENT**

      Appellant                                      Decided:  June 28, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Lucas County Assistant Prosecuting Attorney,
for appellee.

Steven Upham, Pro se.

* * * * *

**ZMUDA, J.**

{¶ 1} This matter is before the court on appeal from a November 1, 2018 judgment of the Lucas County Court of Common Pleas, general division, denying appellant's untimely petition for postconviction relief.  Finding no error, we affirm.

## I. Facts and Procedural Background

{¶ 2} Appellant, Steven Upham, was convicted of one count of complicity in the commission of attempted murder, a violation of R.C. 2923.03(A), 2923.02 and 2903.02, a felony of the first degree, and the attached firearm specification, pursuant to R.C. 2941.145. On April 14, 2011, the trial court sentenced him to serve a 10-year prison term, with an additional 3-year mandatory sentence for the firearm specification, for a total term of incarceration of 13 years.

{¶ 3} This is not appellant's first appeal challenging the dismissal of an untimely petition for postconviction relief. On February 16, 2018, we affirmed a prior judgment of the trial court, dismissing appellant's January 30, 2017 petition, filed as a "Motion to Dismiss or to Support a Conviction," and construed by the trial court as a petition seeking postconviction relief, which was filed more than four years after appellant's direct appeal. *See State v. Upham,* 6th Dist. Lucas No. L-17-1060, 2018-Ohio-625.[1]

{¶ 4} In denying appellant's prior petition, the trial court held in pertinent part, "that the Defendant has not been unavoidably prevented from discovering the facts * * * defendant's motion/petition is untimely, without excuse, and the court has no jurisdiction to consider his motion." *Id.* at ¶ 11. After we affirmed the trial court's judgment on February 16, 2018, appellant filed new motions with the trial court.

_____

[1] For a recitation of the underlying facts, pertinent to appellant's conviction, see *Upham* at ¶ 4-6.

2.

{¶ 5} On March 20, 2018, appellant filed a motion seeking reconsideration of his sentence, which the state opposed. On April 6, 2018, the trial court dismissed the motion for reconsideration as an untimely and unexcused petition for postconviction relief. On April 24, 2018, appellant filed a motion seeking to correct a "no-final" judgment and improper sentence, which the state opposed. On May 31, 2018, the trial court dismissed motion as an untimely and unexcused petition for postconviction relief. Appellant did not appeal either decision.

{¶ 6} Between June 22 and July 20, 2018, appellant filed an onslaught of motions with the trial court styled as a "Motion for Vacation of Non-Cognizable Conviction," a "Motion for Sentencing," a "Motion for Correction and/or Clarification of Post Release Control Notification," a "Motion for Relief from Interlocutory Order," a "Motion for Conveyance Order," and a "Motion for Establishment of a Date Certain for Oral Hearing." On August 1, 2018, the state moved for summary judgment and/or dismissal of each motion.

{¶ 7} In addressing the most recent motions, the trial court noted the similarity between appellant's previously filed motions, referencing the denial of those motions in opinions issued April 6 and May 31, 2018. On November 1, 2018, the trial court dismissed appellant's latest petitions for postconviction relief in a thorough and well-reasoned opinion, carefully considering the various motions and properly construing the filings as improperly styled motions seeking postconviction relief. *See State v. Schlee*,

3.

117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431; *State v. Reynolds*, 79 Ohio St.3d, 679 N.E.2d 1131 (1999). Appellant now appeals the November 1, 2018 decision of the trial court.

## II. Analysis

{¶ 8} Appellant's rambling articulation of error belies the fact that he substantively challenges the original 2011 sentencing judgment as "void on its face" and "[therefore] res judicata in [sic] patently inapplicable to preclude relief as is the reclassification of the proceeding as a petition for postconviction relief." Appellant appears to argue that the trial court erred in denying his 2018 motions as petitions seeking postconviction relief.

{¶ 9} In response, the state argues that appellant's argument is patently unclear, but in attempting to discern the basis for appeal, addresses the present appeal according to the standard for an untimely petition for postconviction, relief pursuant to R.C. 2953.21 and 2953.23. The trial court, too, had difficulty with appellant's argument, noting the challenge in "extracting [the] precise request for relief" from appellant's "circuitous argument." The state argues that the trial court correctly construed the motions as petitions for postconviction relief, and dismissed them as untimely, successive, and unexcused pursuant to R.C. 2953.23.

{¶ 10} As a preliminary matter, we note that "pro se litigants are bound by the same rules and procedures as litigants with retained counsel." *State v. Tingler*, 6th Dist.

4.

Ottawa No. OT-17-024, 2018-Ohio 1542, ¶ 4; citing *State v. Church*, 5th Dist. Stark No. 2017CA00216, 2018-Ohio-368, ¶ 11 (citation omitted). Moreover, "courts generally prefer to determine cases on the merits rather than procedural technicalities." *Tingler* at ¶ 4, citing *Mitchell v. Holzer Med. Ctr.*, 4th Dist. Gallia No. 16CA20, 2017-Ohio-8244, ¶ 7. However, "[i]t is well-established that the proper scope and role of appellate courts in the state of Ohio does not include engaging in speculative expeditions in search of legitimate and convincing legal arguments and positions in favor of either party to an appeal." *State v. Clemens*, 6th Dist. Erie No. E-18-032, 2019-Ohio 895, ¶ 19.

{¶ 11} In the present matter, appellant appears to once more challenge the original sentencing entry of 2011 as error. As such, appellant argues that all subsequent decisions of the courts are fundamentally void. We previously addressed this argument in the prior appeal, and found this argument without merit. *Upham,* 6th Dist. Lucas No. L-17-1060, 2018-Ohio-625, ¶ 12. Appellant failed to raise any error in the sentencing entry in his direct appeal, and failed to demonstrate any error in the trial court's dismissal of his previous postconviction motions. *Id.* at ¶ 14.

{¶ 12} To the extent that appellant articulates no readily discernable error in his most recent appeal, it is clear that appellant fails to comply with the requirements of App.R. 16(A). Appellant presents no argument that includes specific references to the record, and offers no citation to authority that is applicable to any claimed error in the trial court's decision. Instead, appellant's brief is largely unintelligible, comprised of

5.

excerpts from various sources assembled in a "cut and paste" format, lacking consistent citations identifying the source of case excerpts while simultaneously failing to present any argument that references the actual decision on appeal.

{¶ 13} "Pursuant to App.R. 16(A)(3), appellant is required to state the assignments of error presented for review, with reference to the place in the record where each error is reflected." *Walker v. Metro. Environmental Servs.*, 6th Dist. Lucas No. L-17-1131, 2018-Ohio-530, ¶ 5. "App.R. 16(A)(7) requires appellate briefs to contain 'an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.'" *State v. Thomas*, 6th Dist. Lucas No. L-17-1266, 2019-Ohio-1916, ¶ 49, citing *State v. Rittner*, 6th Dist. Fulton No. F-05-003, 2005-Ohio-6526, ¶ 79. "With no argument or reasoning, we need not attempt to create an argument out of thin air[.]" *Id.*

{¶ 14} We find that in his present appeal, appellant presents no clear, cogent argument demonstrating any error in the trial court's decision. Accordingly, we find that the trial court properly denied appellant's series of motions, filed between June 22 and July 20, 2018, as an untimely and unexcused petition for postconviction relief. Appellant's assignment of error, therefore, is found not well-taken.

6.

### III. Conclusion

{¶ 15} For the forgoing reasons, we affirm the judgment of the Lucas County Court of Common Pleas, dismissing appellant's petition for postconviction relief. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
                 JUDGE

Christine E. Mayle, P.J.

              _____
Gene A. Zmuda, J.        JUDGE
CONCUR.

              _____
                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.