[Cite as *State v. Wolff*, 2012-Ohio-5575.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-184 |
| | ) | |
| JOHN E. WOLFF, JR., | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 06CR978

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant    John E. Wolff, Jr.
#A533-806
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:    November 29, 2012

DONOFRIO, J.

{¶1} Defendant-appellant John E. Wolff, Jr. appeals a decision of the Mahoning County Common Pleas Court which granted summary judgment to plaintiff-appellee State of Ohio on his petition for post-conviction relief, dismissing it without an evidentiary hearing.

{¶2} Wolff was convicted by a jury of sixteen counts of rape and nine counts of gross sexual imposition, stemming from offenses committed against his two minor step-daughters. On August 29, 2007, the trial court sentenced Wolff to nine consecutive life sentences, five consecutive ten-year sentences, five consecutive five-year sentences, two consecutive sets of concurrent eighteen-month sentences and merged the remaining convictions.

{¶3} In his direct appeal, Wolff raised six assignments of error, addressing the sufficiency of the evidence regarding force and substantial impairment, the barring of evidence through the Rape Shield Statute, the prevention of cross-examination of the victims, the admission of hearsay statements, and prejudicial joinder of victims. On June 9, 2009, this court affirmed the judgment of the trial court, finding five of Wolff's assignments of error to be meritless, and one assignment of error to have been mooted by the merger of two of Wolff's convictions. *State v. Wolff*, 7th Dist. No. 07 MA 166, 2009-Ohio-2897. This court also denied Wolff's application to reopen his direct appeal. *State v. Wolff*, 7th Dist. No. 07 MA 166, 2009-Ohio-7085.

{¶4} On July 21, 2010, Wolff filed a pro se petition in the trial court styled "PETITION TO VACATE OR SET ASIDE SENTENCE (EVIDENTIARY HEARING REQUESTED)." He alleged four grounds for relief in his petition. Three of the grounds alleged ineffective assistance of trial counsel for failing to adequately raise arguments related to the Rape Shield Statute, failing to investigate the competency of one of the victims, and failing to consult with and call to trial a sexual abuse expert. The fourth ground alleged that the prosecution withheld and concealed exculpatory evidence. The state moved for summary judgment arguing that Wolff's petition was untimely, and in the alternative, failed on its merits. On November 9, 2010, the trial court granted the state's motion, without explanation. This appeal followed.

{¶5} Wolff, still proceeding pro se, raises four assignments of error. Wolff's first assignment of error states:

[T]he trial court abused its discretion when it determined that the appellant was not unavoidably prevented from discovering facts to allow an untimely petition.

{¶6} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131, (1997) syllabus. Wolff's petition fulfills the definition of a petition for postconviction relief: (1) the motion was filed after his direct appeal; (2) he seeks to vacate his sentence as void, and; (3) in the petition, he alleged that his constitutional rights were violated and that the trial court sentenced him without appropriate jurisdiction. Therefore, Wolff's petition is properly construed as a petition for postconviction relief.

{¶7} Next, this court must address the trial court's jurisdiction to entertain the merits of Wolff's petition. The requirement that a petition for postconviction relief be filed timely is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition. *State v. Beaver*, 131 Ohio App.3d 458, 461, 722 N.E.2d 1046 (11th Dist.1998) (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).

{¶8} If a postconviction relief petition is filed beyond the 180-day time limitation or the petition is a second or successive petition for postconviction relief, R.C. 2953.23(A) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180-day time period expired, the

United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

{¶9} Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for postconviction relief. *State v. Carter*, 2d Dist. No. 03-CA-11, 2003-Ohio-4838, citing *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (1998).

{¶10} In this case, Wolff's petition was unquestionably filed beyond the 180-day time limit set forth in R.C. 2953.21. The trial transcripts were filed with this court on December 13, 2007. Therefore, Wolff's petition was due by June 10, 2008. Wolff did not file the petition until July 21, 2010, well over two years after the statutory deadline.

{¶11} Wolff argues that he qualified for R.C. 2953.23(A)'s exception to timeliness because he was unavoidably prevented from discovering the facts upon which his claim for relief is based. In particular, he alleged that he did not realize that the evidence he was relying on in support of his claims of ineffective assistance of trial counsel was considered evidence dehors the record until this court indicated so in its decision denying his application to reopen his direct appeal.

{¶12} The bulk of the relevant exhibits Wolff attached to his petition appear to be documents taken from the 493-page CSB case history provided to Wolff's trial counsel in CD-ROM form by the state on December 7, 2006. At the time believing the evidence to be pertinent to his direct appeal, Wolff states that he urged his appellate counsel to use the evidence to raise ineffective assistance of trial counsel claims but that his appellate counsel ignored his requests.

{¶13} However, when this court issued its decision denying his application to reopen his direct appeal based on ineffective assistance of appellate counsel for

failure to raise ineffective assistance of trial counsel claims, this court stated:

> Determining whether the outcome of Wolff's trial was affected by counsel's * * * errors requires an examination of evidence which is dehors the record. Because of this, Wolff would still be able to raise this claim in a petition for postconviction relief, and would not be barred by res judicata.

*State v. Wolff*, 7th Dist. No. 07 MA 166, 2009-Ohio-7085, ¶40, citing *State v. Smith*, 17 Ohio St.3d 98, 101, fn. 1, 477 N.E.2d 1128 (1985).

{¶14} Wolff's argument in this regard raises the question of what evidence is considered evidence de hors the record. As Wolff points out in this court's decision denying his application to reopen his appeal, this court apparently considered the CSB case history to be evidence dehors the record. He claims that when he was researching caselaw for his postconviction relief petition in 2008, he understood the CSB case history to not constitute evidence de hors the record, citing this court's decision in *State v. Hovart*, 7th Dist. No. 07 MA 95, 2009-Ohio-7085. In *Hovart*, the petitioner sought to attack the victim's credibility concerning her recollection of the events surrounding the alleged offenses, contending that if they did happen they did not happen within the trial court's jurisdiction. Petitioner supported his postconviction relief petition with an investigating police officer's written statement, the victim's written statement to police, and the police report. From the state's filing of notices to the court of evidence disclosed to petitioner's trial counsel, it was obvious that those particular documents had been provided to his counsel. Noting that the documents constituted part of the original record, this court found that they were not material properly considered in post-conviction proceedings. *Id.* at ¶15. This court then concluded that the petitioner should have challenged his trial counsel's effectiveness in this regard in his direct appeal and, therefore, was barred from doing so in post-conviction proceedings. *Id.*

{¶15} In the present case, the state filed a disclosure-of-evidence notice with

the trial court on December 7, 2006, indicating that a CSB case history comprising 493 pages had been provided to Wolff's counsel in CD-ROM form. In *Hovart*, because the documents were more specifically identified in the state's disclosure-of-evidence notice, this court was able to determine that the documents petitioner was attempting to use in support of his postconviction relief petition and the documents provided to his trial counsel were one in the same. Here, however, because the CD-ROM is not part of the record before this court and the CSB case history comprised a voluminous 493 pages (of which Wolff has only selectively provided), it cannot be said with assurance that the portions Wolff provided in support of his postconviction relief petition were taken from those provided to his trial counsel in discovery. In fairness, then, it is reasonable to treat the portions provided by Wolff in support of his petition as evidence de hors the record since it is uncertain if they were provided in discovery.

**{¶16}** Nonetheless, whether or not the evidence Wolff relies on in support of his claims of ineffective assistance of trial counsel is evidence dehors the record, Wolff was still required to present those claims in a timely manner. "The courts have consistently ruled that lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing." *State v. Gaston*, 8th Dist. No. 79626, 2007-Ohio-155, ¶9. See, also, *State v. Styblo*, 7th Dist. No. 07 BE 18, 2011-Ohio-2000. "Simply being unaware of the law * * * does not equate with being unavoidably prevented from discovering the facts upon which the petition is based." *State v. Sturbois*, 4th Dist. No. 99CA16, 1999 WL 786318, *2, (Sept. 27, 1999). Moreover, facts do not equate to legal theories. *Id*. *See also State v. Herring*, 7th Dist. No. 06 JE 8, 2007-Ohio-3174. Here, Wolff is not claiming that there are new facts that he was prevented from discovering, but that he was unaware of the legal theory under which he could present those facts. All of the facts (i.e., evidence) which he sought to introduce in support of his petition were facts known at the time of his trial. Wolff has not demonstrated that he was unavoidably prevented from discovering the facts upon which his claim for relief was based. Consequently, his petition was untimely and,

standing alone, constituted a sufficient basis upon which to be dismissed.

**{¶17}** Accordingly, Wolff's first assignment of error is without merit and is overruled.

**{¶18}** Wolff's remaining assignments of error state, respectively:

The trial court erred when it determined that the appellant did nothing but challenge trial counsel's strategies and tactics that did not support vacating the sentence.

The trial court erred in its conclusion that the appellant's three (3) claims of ineffective assistance of trial counsel failed to raise any issues that would necessitate the granting of the petition.

The appellant was denied a fair trial and due process of law by acts of the prosecution in knowingly and unlawfully withholding and concealing Exculpatory Evidence.

**{¶19}** Because our resolution of Wolff's first assignment of error was based on the trial court's lack of jurisdiction to entertain the merits of the Wolff's petition due to its untimeliness, that issue is dispositive of this appeal and Wolff's remaining assignments of error are rendered moot. App.R. 12(A)(1)(c).

**{¶20}** The judgment of the trial court is hereby affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.