[Cite as *State v. Jones*, 2013-Ohio-3434.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   99391

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VINCE JONES

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-525681 and CR-526447

**BEFORE:**  Boyle, P.J., Keough, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   August 8, 2013

**FOR APPELLANT**

Vince Jones, pro se
Inmate No. 572-912
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Kristen L. Sobieski
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Vince Jones, appeals from a judgment denying his motion to vacate his sentence for a "restitution hearing and resentencing." He raises six assignments of error for our review. We find no merit to any of them and affirm.

Procedural History

{¶2} In July 2009, Jones was indicted in two separate cases, Cuyahoga C.P. Nos. CR-525681 and CR-526447. He was charged with a total of 20 counts, but eventually entered into a plea agreement where he pleaded guilty to six counts. In Cuyahoga C.P. No. CR-525681, he pleaded guilty to one count of identity fraud, one count of forgery, and one count of aggravated theft, and agreed to pay restitution in the amount of $12,700. In Cuyahoga C.P. No. CR-526447, he pleaded guilty to one count of identity fraud, one count of forgery, and one count of tampering with records, and agreed to pay restitution in the amount of $4,837.52. All additional charges were nolled.

{¶3} Jones was sentenced to a total of four years in prison in Cuyahoga C.P. No. CR-525681, and a total of four years in prison in Cuyahoga C.P. No. CR-526447. The sentences were ordered to run consecutively, for a total of eight years in prison.

{¶4} The trial court also ordered Jones to pay restitution in the amount he agreed to pay in his plea agreement, as well as costs. But the trial court failed to mention either restitution or costs at the sentencing hearing. As a result, on direct appeal, this court sustained Jones's arguments regarding restitution and costs, vacated his sentence, and

remanded for a new sentencing hearing. *See State v. Jones*, 8th Dist. Cuyahoga No. 94408, 2011-Ohio-453.

**{¶5}** We further found that the trial court incorrectly "confused which charge carried the four-year sentence." Because we were already remanding for a new sentencing hearing on restitution and costs, we also instructed the trial court to correctly state the proper sentence for each charge at the sentencing hearing and in the sentencing entry. *Id.* at ¶ 56.

**{¶6}** Upon remand, the trial court resentenced Jones in March 2011, imposing the same eight-year prison sentence and correcting the errors it had made at the original sentencing hearing. Although Jones appealed this sentence, this court dismissed his appeal for failure to file the record.

**{¶7}** Jones subsequently filed numerous motions with the trial court, all all which were denied. Finally, in July 2012, he moved the court to vacate his sentence for a "restitution hearing and resentencing," which the trial court also denied. It is from that judgment that Jones appeals, raising his six assignments of error.

Analysis

**{¶8}** A vaguely titled motion, including a motion to correct or vacate a sentence, may be construed as a petition for postconviction relief under R.C. 2953.21(A)(1) where (1) the motion was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679

N.E.2d 1131 (1997). Jones's motion meets these four requirements. Accordingly, we shall construe his motion as a petition for postconviction relief. *See also State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473.

{¶9} A trial court's decision to grant or deny a petition for postconviction relief filed pursuant to R.C. 2953.21 should not be disturbed absent an abuse of discretion. *State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, 885 N.E.2d 905, ¶ 45. Abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Id*. at ¶ 46.

{¶10} Under R.C. 2953.21(A)(2), "[a] petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]" In *State v. Sharif*, 8th Dist. Cuyahoga No. 79325, 2001 Ohio App. LEXIS 4354 (Sept. 27, 2001), this court held that a trial court may only entertain an untimely petition for postconviction relief under the following circumstances:

> 1) the petitioner shows either that he was unavoidably prevented from discovering the facts upon which he relies in his petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and 2) the petitioner shows by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial.

*Id*. at *9-10.

{¶11} Here, the trial court properly dismissed Jones's petition for postconviction relief. The time limitation for filing a motion for postconviction relief is jurisdictional,

and a trial court has no authority to consider an untimely filed petition for postconviction relief absent an exception. *State v. John*, 8th Dist. Cuyahoga No. 93226, 2010-Ohio-162, ¶ 8; *State v. Hutton*, 8th Dist. Cuyahoga No. 80763, 2007-Ohio-5443, ¶ 23. Jones was resentenced in March 2011. He did not file his motion until July 2012. Further, Jones has not shown he was unavoidably prevented from discovering facts relating to his petition or that any new federal or state right applies. Accordingly, the trial court was without jurisdiction to address his petition.

{¶12} Even if Jones had timely filed his motion, his appeal is without merit for several other reasons. In his first assignment of error, he argues that in his first appeal, this court violated Crim.R. 52(B) by not noticing "the obvious defects" that occurred at his original sentencing hearing. He maintains that we "should have recognized the many plain errors and obvious defects that were present" in his original sentencing transcript. If Jones had an issue with this court's decision regarding his direct appeal from his original sentencing hearing, however, he should have raised them in an appeal to the Ohio Supreme Court.

{¶13} In his remaining five assignments of error, Jones raises issues related to his resentencing hearing. But these issues are barred by the doctrine of res judicata. Res judicata precludes a convicted defendant from raising an issue in a motion for postconviction relief if he or she raised or *could have raised* the issue on direct appeal. *State v. Sturdivant*, 8th Dist. Cuyahoga No. 98747, 2013-Ohio-584, ¶ 13, citing *State v. Alexander*, 8th Dist. Cuyahoga No. 95995, 2011-Ohio-1380, ¶ 15. *See also State v.*

*Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), at paragraph nine of the syllabus. Jones appealed his resentencing judgment to this court, but we dismissed his appeal because he failed to timely file the record.

{¶14} Accordingly, Jones's six assignments of error are without merit.

{¶15} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
PATRICIA ANN BLACKMON, J., CONCUR