[Cite as *State v. Rarden*, 2014-Ohio-564.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO.   CA2013-07-125 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N <br> 2/18/2014 |
| - vs - | : | |
| | : | |
| LONNIE RARDEN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2006-07-1271

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Lonnie Rarden, #A547085, Madison Correctional Institution, P.O. Box 740, London, Ohio 43140-0740, for defendant-appellant

**S. POWELL, J.**

{¶ 1}   Defendant-appellant, Lonnie Rarden, appeals pro se from the Butler County Court of Common Pleas decision denying his most recent petition for postconviction relief. For the reasons outlined below, we affirm.

{¶ 2}   In the summer of 2006, the Butler County Grand Jury returned two indictments collectively charging Rarden with one count of felony escape, one count of felony retaliation,

two counts of felony complicity to perjury, one count of felony complicity to tampering with evidence, one count of felony menacing by stalking, and 17 misdemeanor counts of violating a protection order. Following a jury trial, Rarden was found guilty of all charges and sentenced to serve a total of 26 and 1/2 years in prison. This court affirmed Rarden's conviction and sentence on direct appeal and the Ohio Supreme Court declined review. *State v. Rarden*, 12th Dist. Butler No. CA2007-03-077 (Apr. 21, 2008) (Accelerated Calendar Judgment Entry), appeal not accepted, *State v. Rarden*, 125 Ohio St.3d 1416, 2010-Ohio-1893.

{¶ 3} On February 14, 2008, shortly before this court issued its decision on appeal, Rarden filed a motion requesting the trial court vacate his sentence. In support of this motion, Rarden argued the trial court had improperly excluded evidence from trial. Construing the motion as a petition for postconviction relief, the trial court denied Rarden's petition as untimely. Rarden did not appeal from the trial court's decision.

{¶ 4} On March 26, 2010, Rarden filed another motion requesting the trial court to vacate his sentence. In support of this motion, however, Rarden argued that he was not properly informed of his postrelease control obligations in light of the Ohio Supreme Court's recent decisions in *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462 and *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434. Finding merit to Rarden's claim, the trial court held a resentencing hearing limited to the proper advisement and imposition of postrelease control. This court affirmed the trial court's decision and the Ohio Supreme Court once again declined review. *State v. Rarden*, 12th Dist. Butler Nos. CA2010-04-095, CA2010-05-106 and CA2010-05-126 (Feb. 11, 2007) (Accelerated Calendar Judgment Entry), appeal not accepted, *State v. Rarden*, 130 Ohio St.3d 1497, 2011-Ohio-6556.

{¶ 5} On April 10, 2013, Rarden filed yet another motion requesting the trial court to vacate his sentence. As it had done previously, the trial court construed Rarden's motion to

vacate his sentence as a petition for postconviction relief and denied the petition as untimely. The trial court also found Rarden's petition was barred by the doctrine of res judicata. Rarden now appeals from the trial court's decision, raising a single assignment of error for review.

{¶ 6} THE TRIAL COURT ERRED WHEN IT DETERMINED THAT A MOTION TO VACATE A VOID JUDGMENT SHOULD BE RE-CLASSED AS A PETITION FOR POST-CONVICTION RELIEF UNDER §2953.21 VIOLATING APPELLANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION ARTICLE I SECTION 2 AND 16.

{¶ 7} In his single assignment of error, Rarden argues the trial court erred by reclassifying his latest motion to vacate his sentence as yet another petition for postconviction relief. We disagree.

{¶ 8} "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. This includes motions to vacate or correct a sentence. *State v. Jones*, 8th Dist. Cuyahoga No. 99391, 2013-Ohio-3434, ¶ 8. As noted by the Ohio Supreme Court, "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160-161 (1997). In other words, a motion to vacate a sentence may be properly construed as a petition for postconviction relief when "the motion (1) was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence." *State v. Wilkins*, 12th Dist. Clinton No.

CA2013-05-012, 2013-Ohio-5372, ¶ 10; *State v. Piasecki*, 8th Dist. Cuyahoga No. 98952, 2013-Ohio-1191, ¶ 11.

{¶ 9} In this case, Rarden's latest motion to vacate his sentence was filed well after his direct appeal was already overruled by this court. Moreover, Rarden's motion claims a denial of his constructional rights, seeks to render the judgment void, and requests his sentence to be vacated. Rarden's motion clearly meets all of the necessary criteria in order for the trial court to properly classify it as a petition for postconviction relief. *See, e.g., State v. Keith*, 12th Dist. Butler No. CA2013-07-131, 2014-Ohio-169, ¶ 13 (finding motion to vacate sentence alleging a denial of rights and seeking to void a judgment filed after direct appeal was properly treated as a petition for postconviction relief); *State v. Bankston*, 10th Dist. Franklin No. 13AP-250, 2013-Ohio-4346, ¶ 7 (same); *State v. Wolff*, 7th Dist. Mahoning No. 10-MA-184, 2012-Ohio-5575, ¶ 6 (same); *State v. Holdcroft*, 3d Dist. Wyandot No. 16-06-07, 2007-Ohio-586, ¶ 11 (same). The trial court, therefore, did not err by reclassifying Rarden's motion to vacate his sentence as a petition for postconviction relief.

{¶ 10} Nevertheless, Rarden argues this court must apply the Ohio Supreme Court's decision in *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, thereby requiring his sentence to be vacated. The Ohio Supreme Court's decision in *Boswell*, however, dealt with circumstances "in which a defendant seeks to withdraw his guilty plea to a crime that required postrelease control as part of the sentence, but the trial court failed to include it." *Id.* at ¶ 1. Here, Rarden was found guilty following a jury trial, not a guilty plea. In addition, the trial court already corrected Rarden's sentence so as to properly advise him of his postrelease control obligations. The Ohio Supreme Court's decision in *Boswell*, therefore, has no application here. Rarden's claim otherwise is simply incorrect and not supported by the record.

{¶ 11} Finally, although Rarden did not advance any argument alleging the trial court

erred in its decision denying his petition for postconviction relief, after a thorough review of the record, we find no error in the trial court's decision finding Rarden's petition was untimely and otherwise barred by the doctrine of res judicata. *See, e.g., State v. Kent*, 12th Dist. Preble No. CA2013-05-003, 2013-Ohio-5090 (affirming trial court's decision dismissing petition for postconviction relief as being untimely and barred by the doctrine of res judicata). Therefore, Rarden's single assignment of error is overruled.

{¶ 12} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.