[Cite as *State v. Watkins*, 2018-Ohio-45.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2017-05-066 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>1/8/2018 |
| - vs - | : | |
| | : | |
| JOHNNY RAY WATKINS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2005-08-1400

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Johnny Ray Watkins, #A539900, Chillicothe Correctional Institution, 15802 State Route 104, Chillicothe, Ohio 45601, defendant-appellant, pro se

**S. POWELL, J.**

{¶ 1}  Defendant-appellant, Johnny Ray Watkins, appeals from the decision of the Butler County Court of Common Pleas denying his untimely petition for postconviction relief, a petition he captioned as a verified motion to correct sentence, filed nearly ten years after a jury found him guilty of murder, three counts of tampering with evidence, and intimidation of a witness.  For the reasons outlined below, we affirm.

{¶ 2} On August 31, 2005, the Butler County Grand Jury returned an indictment charging Watkins with the above-named offenses. According to the bill of particulars, the charges arose after it was discovered Watkins struck Steve Eakins in the head with a large piece of wood, incapacitating him, before killing Eakins by slitting his throat. After killing Eakins, Watkins then burnt the large piece of wood he used to incapacitate Eakins, pushed Eakins' body into a nearby pond, and cleaned and changed his clothing to alter and destroy evidence of Eakins' murder. Watkins then threatened several eyewitnesses to Eakins' murder that he would kill them if they ever told anyone about the killing. The matter was ultimately tried to a jury who found Watkins guilty of these offenses on November 1, 2006.

{¶ 3} On December 20, 2006, the trial court held a sentencing hearing, wherein it sentenced Watkins to serve an aggregate term of 21 years to life in prison. The trial court, however, declined to impose postrelease control for any of the offenses, stating: "I am specifically not going to order [postrelease control] in this matter since [Watkins] is going to be on parole, if released, because there's a life tail on the murder charge." The trial court's judgment entry, however, specifically stated that "[t]he Court has notified the defendant that post release control is mandatory in this case up to a maximum of five (5) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28 [sic]."

{¶ 4} On January 30, 2007, Watkins appealed his convictions to this court, but did not raise any challenge regarding the trial court's decision not to impose postrelease control. On March 10, 2008, this court affirmed Watkin's convictions in an accelerated calendar judgment entry. *State v. Watkins*, 12th Dist. Butler No. CA2007-01-035 (Mar. 10, 2008) (Accelerated Calendar Judgment Entry). A second appeal to this court regarding the imposition of court costs also resulted in this court issuing an accelerated calendar judgment entry affirming the trial court's decision. *State v. Watkins*, 12th Dist. Butler No. CA2007-11-

283 (Apr. 21, 2008) (Accelerated Calendar Judgment Entry).

{¶ 5} On August 13, 2010, Watkins filed a motion with the trial court requesting he be resentenced since the trial court failed to properly impose postrelease control for his lower-level convictions at the December 20, 2006 sentencing hearing. The trial court denied Watkins' motion. However, in *State v. Watkins*, 12th Dist. Butler Nos. CA2010-09-228 and CA2010-12-346, 2011-Ohio-5227, this court reversed the trial court's decision and remanded the matter back to the trial court to hold a resentencing hearing to correct this error in accordance with R.C. 2929.191.

{¶ 6} On November 3, 2011, the trial court held a resentencing hearing, wherein it properly imposed postrelease control for Watkins' lower-level convictions in accordance with R.C. 2929.191 as instructed by this court. The following day, November 4, 2011, the trial court issued a nunc pro tunc judgment entry of conviction, from which Watkins filed yet another appeal. From this appeal, Watkins' appellate counsel filed a brief with this court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), which stated that a careful review of the record failed to reveal any error by the trial court that prejudiced Watkins' rights upon which an assignment of error could be predicated. After independently reviewing the record in this case as required by *Anders*, this court was also unable to find any error prejudicial to Watkins' rights. Therefore, finding Watkins' appeal to be wholly frivolous, this court dismissed Watkins' appeal in *State v. Watkins*, 12th Dist. Butler No. CA2011-11-215, 2012-Ohio-2254, ¶ 3.

{¶ 7} Several years later, on January 19, 2017, Watkins filed another motion with the trial court requesting he be resentenced. Watkins captioned this motion as a verified motion to correct sentence. In support of this motion, Watkins argued the trial court failed to properly advise him of postrelease control at the November 3, 2011 resentencing hearing; improperly ordered several of the sentences imposed for his lower-level convictions to be

- 3 -

served consecutively; incorrectly imposed a sentence of 15 years to life for his conviction of murder; and failed to inform him of his right to appeal.

{¶ 8} On April 24, 2017, after recasting Watkins' so-called verified motion to correct sentence as a petition for postconviction relief, the trial court denied Watkins' motion as untimely and otherwise barred by the doctrine of res judicata. Nevertheless, although finding Watkins' motion must be dismissed based on procedural grounds, the trial court also noted that Watkins was properly advised of postrelease control at the November 3, 2011 resentencing hearing; that ordering Watkins to serve a number of the sentences imposed for his lower-level convictions consecutively was not error; that Watkins was correctly sentenced to serve a 15 year to life prison term for his conviction of murder; and that any failure to advise Watkins of his right to appeal after his initial December 20, 2006 sentencing hearing was harmless "due to [Watkins'] consistent exercise of his right to appeal."

{¶ 9} Watkins now appeals from the trial court's decision, raising the following single assignment of error for review.

{¶ 10} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED AND OVERRULED DEFENDANT-APPELLANT'S VERIFIED MOTION TO CORRECT SENTENCE, WITHOUT A HEARING TO OBTAIN EVIDENCE AND FACTS OUTSIDE AND ON THE RECORD THAT PROVIDE THAT THE SENTENCE IS STILL STATUTORILY AND CONSTITUTIONALLY FLAWED AND CONTRARY TO LAW.

{¶ 11} In his single assignment of error, Watkins argues the trial court erred by recasting his so-called verified motion to correct sentence as a petition for postconviction relief, ultimately dismissing the recast petition as untimely and otherwise barred by the doctrine of res judicata. Watkins further argues that the trial court erred by denying his motion without first holding an evidentiary hearing on the same. We find no merit to Watkins' claims.

{¶ 12} Initially, as it relates to Watkins' claim that the trial court improperly recast his motion as a petition for postconviction relief, it is now well-established that "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. This includes motions to vacate or correct a sentence. *State v. Rarden*, 12th Dist. Butler No. CA2013-07-125, 2014-Ohio-564, ¶ 8, citing *State v. Jones*, 8th Dist. Cuyahoga No. 99391, 2013-Ohio-3434, ¶ 8. Therefore, as noted by the Ohio Supreme Court, "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160-161 (1997).

{¶ 13} When applying these principles to the case at bar, we find no error in the trial court's decision to recast Watkins' motion as a petition for postconviction relief. Watkins' motion claims a denial of his constructional rights, seeks to render his sentence void, and requests this court to vacate his sentence and remand the matter to the trial court to hold yet another resentencing hearing. Watkins' motion, therefore, clearly meets all of the necessary criteria for the trial court to properly recast it as a petition for postconviction relief. *State v. Wilkins*, 12th Dist. Clinton No. CA2013-05-012, 2013-Ohio-5372, ¶ 10. Accordingly, Watkins' claim alleging the trial court erred by recasting his so-called verified motion to correct sentence as a petition for postconviction relief lacks merit.

{¶ 14} The same can be said about Watkins' claim alleging the trial court erred by denying his motion without first holding an evidentiary hearing. Contrary to Watkins' claim otherwise, the mere filing of such a motion, properly recast as a petition for postconviction relief, does not automatically require the trial court to hold an evidentiary hearing. *State v. Suarez*, 12th Dist. Warren No. CA2014-02-035, 2015-Ohio-64, ¶ 10. Rather, as stated by

the Ohio Supreme Court, "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus. Such is certainly the case here for there is simply nothing in the record to support Watkins' claims. Therefore, Watkins' argument alleging the trial court erred by denying his motion without first holding an evidentiary hearing is likewise without merit.

{¶ 15} Finally, although Watkins did not advance any argument alleging the trial court erred in its ultimate decision to deny his motion, after a thorough review of the record, we find no error in the trial court's decision for its clear that Watkins' motion, properly recast as a petition for postconviction relief, was untimely and otherwise barred by the doctrine of res judicata. Moreover, as it relates to the merits of Watkins' various claims, we also find no error in the trial court's decision for the record firmly establishes that Watkins was properly advised of postrelease control at the November 3, 2011 resentencing hearing; that ordering Watkins to serve a number of his sentences consecutively was not error; that Watkins was correctly sentenced to serve a 15 year to life prison term for his conviction of murder; and that any failure to advise Watkins of his right to appeal after his initial December 20, 2006 sentencing hearing was harmless "due to [Watkins'] consistent exercise of his right to appeal." *See State v. Abrams*, 12th Dist. Clermont Nos. CA2017-03-018 and CA2017-03-019, 2017-Ohio-8536, ¶ 24 (trial court's failure to inform appellant of his right to appeal was harmless where appellant filed a timely appeal and did not demonstrate any prejudice). Therefore, finding no error in the trial court's decision, Watkins' single assignment of error is overruled.

{¶ **16**} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.