[Cite as *State v. Andrews*, 2022-Ohio-4209.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111455 |
| v. | : | |
| CE'MATIZEA ANDREWS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 23, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-632567-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Ce'Matizea Andrews, *pro se.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Defendant-appellant Ce'Matizea Andrews, pro se, appeals the trial court's February 17, 2022 judgment denying his motion for resentencing. After a careful review of the facts and pertinent law, we affirm the trial court's judgment.

**Factual and Procedural History**

{¶ 2} In October 2018, appellant and six co-defendants were charged in a multi-count indictment. Appellant was charged with the following 13 crimes: one count of aggravated murder (Count 1), one count of murder (Count 2), four counts of attempted murder (Counts 3-6), one count of discharge of a firearm on or near prohibited premises (Count 7), four counts of felonious assault (Counts 8-11), one count of improperly handling firearms in a motor vehicle (Count 12), and one count of having weapons while under disability (Count 14). Many of the counts included one-, three-, and five-year firearm specifications.

{¶ 3} The facts giving rise to the charges were set forth in appellant's direct appeal as follows:

> The charges arose out of a shootout that occurred in the area of Lee Road and Harvard Avenue in Cleveland on June 20, 2018, resulting in the death of a nine-year-old girl, S.N. S.N. was sitting in the backseat of her mother's vehicle, waiting for her mother to retrieve her brother from a nearby boxing club. [Appellant] initiated the shootout, firing a gun out of the window of a moving vehicle at a group of males with whom [appellant] had a verbal altercation earlier that day. Although no one was struck by [appellant's] gunfire, when members of the group returned fire on [appellant], a bullet struck S.N. in the head, killing her.

*State v. Andrews*, 8th Dist. Cuyahoga No. 110047, 2021-Ohio-1719, ¶ 3.

{¶ 4} After negotiations with the state, appellant pled guilty to an amended Count 1, involuntary manslaughter in violation of R.C. 2903.04(A), a first-degree felony, with three-and five-year firearm specifications and amended Count 8, attempted felonious assault in violation of R.C. 2923.02 and 2903.11, a third-degree felony. The remaining counts against appellant were dismissed. Amended Count 1 related to the death of S.N., the nine-year old victim. Amended Count 8 related to

the attempted felonious assault of three males at whom appellant had fired. As part of the plea agreement, the parties agreed to a jointly recommended sentence of 18 to 22 years and that appellant would not be subject to judicial release.

{¶ 5} The trial court sentenced appellant to an aggregate prison term of 22 years, which consisted of 19 years on amended Count 1 (eight years on the two firearm specifications to be served prior to and consecutive to 11 years on the underlying offense) and a consecutive 36-month sentence on amended Count 8.

{¶ 6} Appellant filed a direct appeal, challenging his sentence. The transcripts were filed with this court on November 30, 2020. This court affirmed appellant's sentence. *See Andrews*, 8th Dist. Cuyahoga No. 110047, 2021-Ohio-1719, at ¶ 1, 21.

{¶ 7} On December 22, 2021, appellant, pro se, filed a motion for resentencing in the trial court. The trial court treated the motion as a petition for postconviction relief and denied it without a hearing because it was not compliant with R.C. 2953.23 and did not raise substantive grounds for relief. In this appeal, appellant raises the following assignment of error for our review: "A trial court commits error when it fails to consider that Defendant-Appellant's 'Defendant's pro se Motion for Resentencing' is different and separate from a postconviction relief proceeding where the trial court should be aware of this filing."

**Law and Analysis**

**Motion for Resentencing Properly Treated as Petition for Postconviction Relief**

{¶ 8} In his assignment of error, appellant contends that the trial court erred in treating his motion as a petition for postconviction relief. We disagree.

{¶ 9} It is well established that "'[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.'" *State v. Caldwell*, 2d Dist. Montgomery No. 24333, 2012-Ohio-1091, ¶ 3, quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12, citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 10. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus.

{¶ 10} R.C. 2953.21 states, in pertinent part, that:

[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *.

R.C. 2953.21(A)(1)(a).

{¶ 11} In *Reynolds*, the court applied R.C. 2953.21(A)(1) to a "Motion to Correct or Vacate Sentence" in order to determine whether the motion qualified as a petition for postconviction relief. The court concluded that the motion was a petition for postconviction relief despite its styling, because it: "(1) [was] filed

subsequent to Reynolds's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *Id.* at 160.

{¶ 12} This court has consistently used the analysis set forth in *Reynolds* when determining whether an irregular motion is properly construed as a petition for postconviction relief. *See State v. Jones*, 8th Dist. Cuyahoga No. 110855, 2022-Ohio-1674, ¶ 8; *State v. Rackley*, 8th Dist. Cuyahoga No. 102962, 2015-Ohio-4504, ¶ 9; *State v. Jones*, 8th Dist. Cuyahoga No. 99391, 2013-Ohio-3434, ¶ 8; and *State v. Hicks*, 8th Dist. Cuyahoga No. 99119, 2013-Ohio-1904, ¶ 7.

{¶ 13} In this case, appellant's "motion to resentence": (1) was filed after he had already filed a direct appeal, (2) claimed a denial of his constitutional right to effective assistance of counsel, (3) sought to render the trial court's judgment voidable, and (4) asked for the court to vacate his conviction and sentence. Therefore, we conclude that appellant's motion fell under the definition of a petition for postconviction relief as found in R.C. 2953.21(A)(1)(a). Accordingly, the trial court correctly construed the motion as a petition for postconviction relief.

{¶ 14} Appellant cites to several cases in support of his position that his motion was not a petition for postconviction relief.[1] Those cases are distinguishable from this case, as they all concern the vacation of sentences because of errors in the imposition of postrelease control. Moreover, the relevance of those cases is moot

---

[1] The cases are: *State v. Scott*, 6th Dist. Erie No. E-09-048, 2010-Ohio-297; *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077 (9th Dist.); and *State v. Wheeler*, 9th Dist. Summit No. 24488, 2009-Ohio-3557.

in light of the Ohio Supreme Court's decision in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, which held that when a sentencing court has jurisdiction over the subject matter of the case or personal jurisdiction over the defendant, errors in the imposition of postrelease control renders the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal.  Thus, appellant's reliance on those cases is misplaced.

**Petition Properly Denied as Untimely and Barred Under the Doctrine of Res Judicata**

{¶ 15} The trial court properly denied the petition as noncompliant with R.C. 2953.23 and barred under the doctrine of res judicata.

{¶ 16} A petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Bell*, 8th Dist. Cuyahoga No. 105000, 2017-Ohio-7168, ¶ 10.  Postconviction relief is not a constitutional right; it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).  It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is outside the record. *State v. Milanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975).

{¶ 17} A criminal defendant seeking to challenge his or her conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. *Calhoun* at 282, citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982).  Before granting an evidentiary hearing on the petition, the trial

court must determine whether there are substantive grounds for relief, i.e., whether there are grounds to believe there was such a denial or infringement of the rights of the petitioner so as to render the judgment void or voidable under the Ohio or United States Constitutions. *Calhoun* at 283. In determining whether there are substantive grounds for relief, the court must consider the petition, the supporting affidavits, and the documentary evidence, as well as all the files and records pertaining to the proceedings. R.C. 2953.21(D).

{¶ 18} A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. The trial court does not abuse its discretion in dismissing a petition without a hearing if (1) the petitioner fails to set out sufficient operative facts to establish substantive grounds for relief, or (2) the operation of res judicata prohibits the claims made in the petition. *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 15.

{¶ 19} R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." The transcript was filed in this court in appellant's direct appeal on November 30, 2020. Appellant filed his petition on December 22, 2021; therefore, appellant's petition was untimely.

{¶ 20} R.C. 2953.23(A)(1) authorizes a trial court to address the merits of an untimely filed petition for postconviction relief only if both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1)(a) and (b).

{¶ 21} Appellant is unable to satisfy either requirement. He was not unavoidably prevented from discovering facts, no new right retroactively applies to his case, and he has not demonstrated by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have found him guilty. Therefore, his petition was untimely, not subject to exception, and the trial court properly dismissed it without a hearing.

{¶ 22} Moreover, even if his petition were timely, the doctrine of res judicata bars appellant from raising his claim of ineffective assistance of counsel. Under the doctrine of res judicata,

a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal of that judgment, any defense or any claimed lack of

due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 23} In sum, res judicata bars the further litigation of issues that were or could have been raised previously in a direct appeal. *State v. Leek*, 8th Dist. Cuyahoga No. 74338, 2000 Ohio App. LEXIS 2909 (June 21, 2000), citing *Perry* at *id*. The evidence supporting appellant's ineffective assistance of counsel claim is contained within the record and, thus, any ineffective assistance of counsel claim should have been brought on direct appeal. Because appellant did not do so, he is now precluded by res judicata from raising the issue. Accordingly, the trial court did not abuse its discretion in denying appellant's ineffective assistance of counsel claim as untimely filed and barred by res judicata.

{¶ 24} The sole assignment of error is overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN A. GALLAGHER, J., CONCUR